UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**SALVADOR SANCHEZ, CELSO TORRES, ALLAN FORD, IDELFONSO GIL, WANDY RAMIREZ, DAVID TORRES and JHON VINAS on behalf of themselves and all similarly situated,**

                               **Plaintiffs,**

                   **-against-**

**ART + 1, Inc. and ARTAN MAKSUTI, individually,**

                               **Defendants.**

------------------------------------------------------------------------X

20-cv-05623 (ER)

SECOND AMENDED COMPLAINT

CLASS ACTION

FLSA COLLECTIVE ACTION

Plaintiffs Salvador Sanchez, Celso Torres, Allan Ford, Idelfonso Gil, Wandy Ramirez, David Torres and Jhon Vinas (collectively "Plaintiffs"), individually, on behalf of themselves and others similarly situated, by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Defendants Art + 1, Inc. and Artan Maksuti, (collectively herein "Defendants"), allege the following:

### NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiffs and all similarly situated individuals who are or were employed by Defendants as construction laborers to recover overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants.

2. Plaintiffs and the collective and Rule 23 class worked (or currently work) on behalf of Defendants.

3. As discussed in more detail below, Defendants perform construction work on buildings throughout New York City.

4. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the hands of Defendants.

5. Plaintiffs also bring this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

6. Plaintiffs also seek to certify a class under Rule 23 on behalf of those similarly situated current and former construction laborers who were not paid overtime in violation of the NYLL (the "Rule 23 Class").

7. Plaintiffs and the FLSA collective class and the Rule 23 Class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## **JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs and the Putative Class**

11. Plaintiffs are former employees of Defendants.

12. Plaintiffs worked for Defendants at various construction sites in New York City.

13. Plaintiffs were covered employees within the meaning of the FLSA and the NYLL.

**Defendants Art + 1, Inc. and Artan Maksuti**

14. Defendant Art + 1, Inc. ("Art Inc.") is a domestic limited liability company engaged and operating in the construction industry.

15. The corporate address listed for Art Inc. is 369 Lexington Ave., 2nd Floor, New York, NY 10017.

16. Art Inc. has been incorporated since October 7, 2014.

17. On information and belief, Artan Maksuti ("Maksuti") owns and controls Art Inc.

18. On information and belief, Maksuti has complete control of Art Inc.

19. On information and belief, Maksuti determines the salaries and work schedules of its employees, including but not limited to, construction employees.

20. At all times relevant to this action, Art Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

21. Art Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

### Defendants

22. On information and belief, Art Inc. has been in the construction business since at least 2014.

23. Maksuti is listed as the Chief Executive Officer of Art Inc.

24. According to Art Inc.'s website, "Art Inc. is a General Contractor specializing in the residential and commercial sector with expertise in retail, corporate interiors and core construction."

25. Art Inc. requires a significant percentage of their employees (construction laborers) to work at least 6 days a week.

26. Art Inc. requires their employees to work more than 40 hours a week.

27. In virtually all instances Art Inc. does not pay their employees time and one half for all work performed after 40 hours a week.

### Plaintiffs' Employment at Defendants

### Salvador Sanchez

28. From July 2019 through July 2020, with an approximate two-month break in employment due to the pandemic, Sanchez worked on behalf of Defendants.

29. Sanchez worked on behalf of Defendants as a construction laborer.

30. Sanchez was paid $25 an hour for all work performed, including work performed after 40 hours.

31. Sanchez was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

32. Defendants paid Sanchez in this matter to circumvent their obligations under the FLSA and NYLL.

33. Sanchez usually worked 6 days a week on behalf of Defendants.

34. Throughout Sanchez's employment with Defendants he was not required to clock in or clock out.

35. When Defendants paid Sanchez they did not take legally required withholdings.

**Celso Torres**

36. From September 2019 through July 2020, with an approximate two-month break in employment due to the pandemic, Celso Torres ("C. Torres") worked on behalf of Defendants.

37. C. Torres worked on behalf of Defendants as a construction laborer.

38. C. Torres was paid $25 an hour for all work performed, including work performed after 40 hours.

39. C. Torres was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

40. Defendants paid C. Torres in this matter to circumvent their obligations under the FLSA and NYLL.

41. C. Torres usually worked 6 days a week on behalf of Defendants, but it was not unusual for C. Torres to work 7 days a week on behalf of Defendants.

42. Throughout C. Torres' employment with Defendants he was not required to clock in or clock out.

43. When Defendants paid C. Torres they did not take legally required withholdings.

**Allan Ford**

44. From July 2019 through February 2020, Ford worked on behalf of Defendants.

45. Ford worked on behalf of Defendants as a construction laborer.

46. Ford was paid $25 an hour for virtually all work performed, including work performed after 40 hours.

47. Ford was only compensated at his legally mandated time and one half rate on a few occasions.

48. On almost all occasions, Ford was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

49. Defendants paid Ford in this matter to circumvent their obligations under the FLSA and NYLL.

50. Ford usually worked 5 days a week on behalf of Defendants.

51. Throughout Ford's employment with Defendants he was not required to clock in or clock out.

52. When Defendants paid Ford they did not take legally required withholdings.

**Idelfonso Gil**

53. From June 2019 through January 2020, Gil worked on behalf of Defendants.

54. Gil worked on behalf of Defendants as a construction laborer.

55. Gil was paid $20 an hour for all work performed, including work performed after 40 hours.

56. Gil was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

57. Defendants paid Gil in this matter to circumvent their obligations under the FLSA and NYLL.

58. Gil informed his supervisor Erick Doe that Defendants were required to pay him time and one half for all work performed after 40 hours.

59. Shortly thereafter, Gil was unlawfully fired in response to this protected activity.

60. From September 2019 to the first week of December 2019, Gil usually worked 7 days a week on behalf of Defendants. From the second week of December 2019 to January 2020, Gil usually worked 5 days a week on behalf of Defendants.

61. Throughout Gil's employment with Defendants he was not required to clock in or clock out.

62. When Defendants paid Gil they did not take legally required withholdings.

**Wandy Ramirez**

63. From March 2019 through December 2019, Ramirez worked on behalf of Defendants.

64. Ramirez worked on behalf of Defendants as a construction laborer.

65. Ramirez was paid $18.50 an hour for all work performed, including work performed after 40 hours.

66. Ramirez was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

67. Defendants paid Ramirez in this matter to circumvent their obligations under the FLSA and NYLL.

68. From March 2019 through December 2019, Ramirez usually worked 6 days a week on behalf of Defendants.

69. Throughout Ramirez's employment with Defendants he was not required to clock in or clock out.

70. When Defendants paid Ramirez they did not take legally required withholdings.

**David Torres**

71. From April 2019 through December 2019, David Torres ("D. Torres") worked on behalf of Defendants.

72. D. Torres worked on behalf of Defendants as a construction laborer.

73. D. Torres was paid $25 an hour for all work performed, including work performed after 40 hours.

74. D. Torres was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

75. Defendants paid D. Torres in this matter to circumvent their obligations under the FLSA and the NYLL.

76. D. Torres discussed with his supervisor Erick Doe that Defendants were required to pay him time and one half for all work performed after 40 hours.

77. In response, Erick Doe told D. Torres to talk to speak to the owner Artan Maksuti if he wanted to be paid in compliance with the law.

78. D. Torres spoke to Maksuti about the fact that Defendants failed to pay him in compliance with the law.

79. Shortly thereafter, D. Torres (similarly to Gil) was terminated for engaging in the above discussed protected activity.

80. From April 2019 to December 2019, D. Torres usually worked 5 days a week on behalf of Defendants.

81. During this time period, D. Torres always worked more than 40 hours a week.

82. In October 2019, D. Torres usually worked 6 days a week on behalf of Defendants.

83. During this time period, D. Torres always worked more than 40 hours a week.

84. In November and December 2019, D. Torres worked 7 days a week on behalf of Defendants.

85. During this time period, D. Torres always worked more than 40 hours a week.

86. Throughout D. Torres's employment with Defendants he was not required to clock in or clock out.

87. When Defendants paid D. Torres they did not take legally required withholdings.

**Jhon Vinas**

88. From July 2019 through September 2019, Vinas worked on behalf of Defendants.

89. Vinas worked on behalf of Defendants as a construction laborer.

90. Vinas was paid $16 an hour for all work performed, including work performed after 40 hours.

91. Throughout Vinas' employment with Defendants, Vinas always worked more than 40 hours a week.

92. Vinas was paid for his first 40 hours worked by check and the remaining hours by currency (cash).

93. Defendants paid Vinas in this matter to circumvent their obligations under the FLSA and the NYLL.

94. Throughout Vinas' employment with Defendants he was not required to clock in or clock out.

95. When Defendants paid Vinas they did not take legally required withholdings.

**Defendants' Violations of the Wage Theft Prevention Act**

96. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates upon hire and when they receive wage increases.

97. Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs' wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

98. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

99. Upon information and belief, wage notices and statutory notices were never given to or signed by any employee at Defendants.

100. In addition, Defendants failed to provide proper wage statements as required under 195(3).

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

101. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated construction laborers who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

102. The FLSA Collective Plaintiffs consist of more than 150 similarly situated current and former employees of Defendants, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

103. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective Plaintiffs.

104. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective Plaintiffs. This policy, pattern or practice includes but is not limited to requiring all construction laborers to work more than 40 hours a week but not paying them time and one half for all work performed after 40 hours.

105. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiffs and the FLSA Collective Plaintiffs for the overtime hours worked.

106. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective Plaintiffs overtime premiums for hours worked in excess of 40 per workweek.

107. Plaintiffs and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

108. Defendants' unlawful conduct is widespread, repeated and consistent.

109. There are many similarly situated current and former non-exempt construction laborers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

110. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS AGAINST DEFENDANTS

111. Proposed Class. The proposed class comprises all individuals who worked for Defendants as construction laborers during the applicable period commencing 6 years before this Complaint was filed.

112. All class members were not paid correctly in accordance with the NYLL.

113. All class members were not provided with wage notices and wage statements as required by the NYLL.

114. These class members worked more than 40 hours per week for Defendants. The class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

115. <u>Ascertainability.</u>  The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure.  To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish and Portuguese language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking employees.

116. <u>Numerosity.</u>  The size of the class makes a class action both necessary and efficient.  The size of the class consists of more than 150 employees.  The class is so numerous that joinder is impracticable.

117. <u>Common Questions Of Law and Fact.</u>  This case poses common questions of law and fact affecting the rights of all class members, including:

    a)   Whether it was Defendants' policy and practice to not pay overtime to those putative class members who worked in excess of 40 hours in a workweek;

    b)   Whether Defendants provided accurate and lawful wage notices to Plaintiffs and the putative class at the time of hiring; and,

    c)   Whether Defendants provided accurate and lawful wage statements to Plaintiffs and the putative class when they paid them.

118. <u>Typicality.</u>  The claims of the individual Plaintiffs are typical of the claims of the class as a whole.  Defendants' unlawful wage policies and practices, which have operated to deny Plaintiffs and the class the overtime required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

119. <u>Adequacy of Class Representation.</u>  The named Plaintiffs Salvador Sanchez, Celso Torres, Allan Ford, Idelfonso Gil, Wandy Ramirez, David Torres and Jhon Vinas can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class, to wit: they were not paid the proper overtime pay under the FLSA and NYLL.

120. <u>Propriety of Class Action Mechanism.</u>  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

121. This action is properly maintainable as a class action under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

122. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

123. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective Plaintiffs.

124. Plaintiffs and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

125. Defendants willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

126. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Plaintiffs.

127. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

128. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

129. Plaintiffs, on behalf of themselves and the Rule 23 Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

130. Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

131. Defendants failed to pay Plaintiffs the appropriate overtime premiums for all work in excess of forty hours per workweek.

132. Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

133. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law Failure to Provide Annual Wage Notices
### (Brought on Behalf of Plaintiffs and the Rule 23 Class)

134. Plaintiffs, on behalf of themselves and the Rule 23 Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

135. Defendants willfully failed to supply Plaintiffs and the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language

identified by Plaintiffs as their primary language, containing Plaintiffs' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

136. Through their knowing or intentional failure to provide Plaintiffs and the Rule 23 Class notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*.

137. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with wage notices, or a total of 5 thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law Failure to Provide Wage Statements**
**(Brought on Behalf of Plaintiffs and the Rule 23 Class)**

138. Plaintiffs, on the behalf of themselves and the Rule 23 Class, re-allege and incorporate by reference all allegations in all preceding paragraphs.

139. Defendants willfully failed to supply Plaintiffs and the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

140. Through their knowing or intentional failure to provide Plaintiffs and the Rule 23 Class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

141. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, or a total of 5 thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the entry of an order and judgment against Defendants Art + 1, Inc. and Artan Maksuti, individually as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b) against Art + 1, Inc. and Artan Maksuti;

(b) Certification of this case as a class action pursuant to Rule 23 of the FRCP against Art + 1, Inc. and Artan Maksuti;

(c) Designation of the named Plaintiffs as a representative of the Rule 23 Class and counsel of record as Class Counsel;

(d) Damages for the unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(e) Damages for unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(f) Penalties of fifty dollars for each workday that Art + 1, Inc. and the Rule 23 Class with a wage notice, or a total of 5 thousand dollars, as provided for by NYLL, Article 6, § 198;

(g) Penalties of two hundred and fifty dollars for each workday that Art + 1, Inc. and Artan Maksuti failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, or a total of 5 thousand dollars, as provided for by NYLL, Article 6, § 198;

(h) For pre-judgment and post-judgment interest on the foregoing amounts;

(i) For the costs and disbursements of the action, including attorneys' fees;

(j) For such other further and different relief as the Court deems just and proper.

Dated: September 21, 2020
       New York, New York

                                        Respectfully submitted,

                                        **THE LAW OFFICES OF JACOB ARONAUER**

                                        */s/ Jacob Aronauer*
                                        Jacob Aronauer
                                        *Attorney for Plaintiffs*