

The Kagan Law Group, P.C.
108 Montgomery Street
Rhinebeck, New York 12572
&
54 West 40th Street
New York, New York 10018
(212) 877-0296

Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   Sanchez et al. v. Art + 1, Inc. et al. 20-cv-05623 (ER) – Defendants' Response
      To Plaintiffs' Letter Re: Motion For Conditional Certification of FLSA Collective:

Dear Judge Ramos:

  Our firm represents Defendants, Art + 1, Inc. and Mr. Artan Maksuti, in the above referenced matter.  On February 10th, 2021, while the Court-ordered mediation is still active and has not been designated as completed by the mediator or by either parties' attorneys – Plaintiff's counsel sent a letter addressed to your Honor, requesting that: (a) the Court rule on Plaintiff's December 2020 pre-motion application to the Court to move for conditional certification (see Dkt #40; Dkt entry #44 [Defendants' objection, filed as per the Court's Order / directive]); and (b) Plaintiffs' counsel further requested the Court to order an initial case conference, stating that the parties "did not settle this matter through the SDNY mandatory mediation program," and further stating that "[his] clients justifiably would like to move this matter forward." (See Dkt entry # 47).  Defendants' counsel has concerns about this request for several reasons, as set forth below.

  First, we believe that it is premature of Plaintiffs' counsel to conclude that the court-ordered mediation has not been fruitful – particularly where the parties had a Zoom mediation session a mere two weeks ago on January 27th, 2021. More crucially, since that time, the court-appointed mediator has been actively communicating with counsel for both sides as recently as several days ago, regarding Defendants' settlement offer (made on the class-wide basis on which Plaintiffs' counsel had

1

demanded).  Without divulging any specifics in light of the Confidentiality Order, we would note that Defendants have sought clarification and/or response from Plaintiffs' counsel on certain questions related to our settlement offer and are yet to receive such response. Plaintiffs' counsel have *not* rejected Defendant's offer for a class-wide settlement, have *not* declared a lack of interest in resolution, and have utilized the mediator to put their requests and questions forth to Defendants' counsel.  We need not surmise or speculate about Plaintiffs' counsel's intention to use the Court's mediator/mediation process *while simultaneously seeking* to engage this Court in the litigation process. In fact, Plaintiff's counsel sent an email to the undersigned counsel yesterday, February 10th, just minutes before filing their  letter to this Court, pressing the court to move the case forward in litigation without any reasonable discussion prior to doing so.  Defendants' counsel believes that moving forward in the litigation process before the mediation has been concluded is not only premature but undermines the very point of the Court-ordered FLSA mediation program: to focus on reaching a resolution if possible, without the excessive use of the Court's time and resources involved in motion practice, conferences, and judicial rulings.

In addition, from a standpoint of fairness to the Defendants, Plaintiffs' request essentially asks Defendants' counsel to engage in the time, expense and efforts of the mediation (to Plaintiffs' potential benefit), while duplicating such time, costs and expenses via the litigation process.  Such would create a duplicative economic impact on our client, who would be paying attorneys' fees to continue with the settlement route via the Court's mandatory mediation procedure, while also paying for the costs of motion practice and conferences – both of *which may be rendered moot if the mediation is successfully completed.*  In short, we believe that the Court and all parties benefit if the mediation process is given a chance to reach its full completion point before any motion practice or conferences.

Lastly, we wish to refute any implication from Plaintiffs' counsel that this matter is not moving forward in a timely fashion, as indicated in Mr. Aronauer's February 10th, 2021 letter.  To be clear, Defendants were not served with the Second Amended Complaint until October 20th, 2020 (Dkt. #30). The undersigned counsel put in our Notice of Appearance on November 2nd, 2020 and since that time, Defendants' counsel has been actively engaged in this litigation. We responded to the November 11th, 2020 initial mediation order and exchanged the Order's mediation-related documents with opposing counsel in a timely fashion. We further filed Defendants' Answer on the agreed upon date of December 10, 2020, pursuant to a stipulation approved by the Court, and have been engaged in the Court's mediation process since the first meeting with the court-appointed mediator and Plaintiffs' counsel on December 23, 2020.  We believe Plaintiffs' counsel's recent request is more in line with an attempt to rush this matter along prematurely, when it would seem more reasonable to follow a logical sequence of completing the mediation, and if such does not create a resolution for the parties, approaching this honorable Court at that juncture, with a request for litigation to proceed.

We thank the Court for its time and consideration of the within correspondence.

Respectfully Submitted,

THE KAGAN LAW GROUP, P.C.

      By:  <u>/s/ Linda S. Kagan, Esq.</u>
         *Attorneys for Defendants*       NYC Office:
         108 Montgomery Street        54 West 40th Street
         Rhinebeck, New York 12572    New York, NY 10018
         Tel: (845) 265-3300            Tel: (212) 877-0296