UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVADOR SANCHEZ, CELSO TORRES,
ALLAN FORD, IDELFONSO GIL, WANDY
RAMIREZ, DAVID TORRES and JHON VINAS on
behalf of themselves and all similarly situated,

Plaintiffs,

*v.*

ART+1, INC. and ARTAN MAKSUTI, individually,

Defendants.

**OPINION AND ORDER**

20 Civ. 5623 (ER)

Ramos, D.J.:

Salvador Sanchez, Celso Torres, Allan Ford, Idelfonso Gil, Wandy Ramirez, David Torres and Jhon Vinas[1] bring this putative collective action against Artan Maksuti and his construction company, Art+1, Inc. (collectively, "Defendants"), for violation of the Fair Labor Standards Act and New York Labor Law. Doc. 27. Pending before this Court is Plaintiffs' motion for conditional certification of the proposed collective. Doc. 40. For the reasons set forth below, Plaintiffs' motion is granted.

**I.   Factual Background**

Plaintiffs were formerly employed as construction laborers by Defendants on construction sites located across New York City. Doc. 27 at ¶¶ 1, 11-12. Pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), construction laborers must be paid time and half for any hours worked over 40 hours per week. 29 U.S.C. §§ 201 *et seq.*; N.Y. Labor Law §§ 650 *et seq.* Plaintiffs allege that Defendants had a practice of requiring that their construction laborers work more than 40 hours per

---

[1] All Plaintiffs will be referred to by their last names, except the Torreses, who will be referred to by their first names for clarity.

week, but not paying them time and a half for those overtime hours in violation of state and federal law. *Id.* at ¶¶ 104, 114. Plaintiffs allege that they were paid by check for 40 hours per week, but by cash for any overtime hours so that Defendants could circumvent state and federal law. *Id.* at ¶¶ 31-32, 39-40, 48-49, 56-57, 66-67, 74-75, 92-93. Plaintiffs also allege that Defendants did not take legally required withholdings from their pay. *Id.* at ¶¶ 35, 43, 52, 62, 70, 87, 94.

On July 21, 2020, Plaintiffs Sanchez and Celso brought this putative collective action for violation of the FLSA and NYLL overtime provisions, as well as the NYLL's wage notice and wage statement requirements. Doc. 1. On August 17, 2020, the first amended complaint was filed, adding Plaintiffs Ford, Gil, Ramirez, and David. Doc. 11. On September 22, 2020, the second amended complaint ("SAC") was filed adding Plaintiff Vinas. Doc. 27. Plaintiffs allege that the putative FLSA collective is composed of more than 150 similarly situated construction laborers currently or formerly employed by Defendants during the three years prior to the filing of the SAC who had been denied overtime wages. *Id.* at ¶¶ 101-02. On December 2, 2020, Plaintiffs moved for conditional certification of the collective action under the FLSA and requested that the Court toll the statute of limitations for all putative opt-in plaintiffs pending the Court's decision. Doc. 40.

Plaintiffs' motion attached affidavits from David, Gil, Sanchez, Vinas, and Ramirez. Docs. 40-1 to 40-5. In their affidavits, Plaintiffs averred that they had spoken with other current and former employees who worked similar schedules, were denied overtime wages, and were paid in cash for any overtime they had worked. Docs. 40-1 at

¶¶ 16-19; 40-2 at ¶¶ 15-18; 40-3 at ¶¶ 13-16; 40-4 at ¶¶ 14-18; 40-5 at ¶¶ 12-15.  Vinas identified Luis Carlos Gonzales as a potential collective member.  Doc. 40-4 at ¶ 17.

On December 3, 2020, the Court granted Plaintiffs' request to toll the statute of limitations for opt-in plaintiffs pending decision on Plaintiffs' motion.  Doc. 41.  On December 10, 2020, Defendants answered the SAC and, on December 19, Defendants opposed certification.  Docs. 43, 44.

## II.     Legal Standards

Pursuant to the FLSA, an individual may file suit against an employer on behalf of herself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs.  § 216(b).  "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'"  *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b).  *Myers*, 624 F.3d at 554–55.  This process entails an analysis of whether prospective plaintiffs are "similarly situated" at two different stages:  an early "notice stage," and "again after discovery is largely complete."  *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citation omitted).  At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named Plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*,

3

624 F.3d at 555 (citations omitted). At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If the court concludes that they are not similarly situated, the action may be "de-certified," and the opt-in plaintiffs' claims "may be dismissed without prejudice." *Id.*

Here, Plaintiffs seek a step one conditional certification of this collective action under the FLSA, and permission to circulate notice to putative opt-in plaintiffs. "Because minimal evidence is available" at this early stage of the proceedings, and because the Court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," Plaintiffs face a "'relatively lenient evidentiary standard.'" *McGlone*, 867 F. Supp. 2d at 442 (citations omitted). They must only make "a 'modest factual showing' that [Plaintiffs] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citations omitted). "Accordingly, in deciding whether to grant the Plaintiffs' motion, the Court must merely find 'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims' of a particular practice." *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012) (quoting *Sbarro*, 982 F. Supp. at 261). To demonstrate that such a factual nexus exists, "plaintiffs can rely on the pleadings, but only as supplemented by

4

other evidence, such as affidavits from named plaintiffs, opt-in plaintiffs, or other putative collective action members." *Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (noting that "the appropriate inquiry at this pre-discovery stage is whether the putative class alleged by Plaintiffs is similarly situated based on the pleadings and any affidavits")).

In considering Plaintiff's motion, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). It merely "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442. If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members. *Id.*

### III. Discussion

Plaintiffs seek to (1) certify a FLSA collective composed of all current and former construction laborers employed by Defendants within the three years preceding September 22, 2020 who were not paid overtime wages, and (2) circulate a notice of pendency to all potential members of the collective action. Docs. 27 at ¶¶ 101-02; 40 at 1. In opposition, Defendants argue that Plaintiffs have not made their allegations with sufficient or credible detail, identified anyone else in their potential collective, or sufficiently limited the collective in time. Doc. 44 at 2-6. Defendants further argue for limitations on notice. *Id.* at 6-7. Defendants arguments are meritless, or otherwise premature, and will be addressed in turn.

### A. Certification

At this stage, Plaintiffs have provided sufficient evidence of the existence of a common scheme affecting other potential opt-in plaintiffs and justifying conditional certification of the FLSA collective. Plaintiffs provide modest factual support that Defendants orchestrated a common scheme. Each of five Plaintiffs submit an affidavit averring that Defendants pay employees the same rate for the 40-hour work week as for any overtime, and conceal their scheme by paying straight time by check and overtime by cash. This quantity and quality of detail is sufficient to allege a common scheme at stage one. *Balverde v. Lunella Ristorante, Inc.*, No. 15 Civ. 5518 (ER), 2016 WL 2757430, at *3 (S.D.N.Y. May 11, 2016) (granting conditional certification of a collective based on two affidavits by plaintiffs describing a common scheme); *Tapia-Castrejon v. Sahara E. Rest. Corp.*, No. 14 Civ. 8080 (WHP), 2015 WL 5022654, at *2 (S.D.N.Y. Aug. 18, 2015) (conditionally certifying collective of busboys based on plaintiff's affidavit). Although Defendants question the credibility of Plaintiffs' submissions because each affidavit describes the same scheme, credibility is an inappropriate inquiry at this stage. *Lynch*, 491 F. Supp. 2d at 368.

*Second*, despite Defendants' assertions to the contrary, Plaintiffs do identify one potential opt-in plaintiff with sufficient detail: Luis Carlos Gonzales. Although Vinas does not state Gonzales' title, he does allege that Gonzales worked similar hours to him and is an hourly employee. Based on these details, and the fact that the class is entirely composed of hourly construction laborers, the Court can infer that Gonzales is also an hourly construction laborer. The cases upon which Defendants rely to the contrary are wholly inapposite, as none involve plaintiffs who identify any potential collective

members by full name. *Qing Gu v. T.C. Chikurin, Inc.*, No. 13 Civ. 2322 (SJ) (MDG), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014) (denying conditional certification because plaintiffs made only general assertions that other employees were denied minimum wage and overtime, naming no one); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (refusing conditional certification where plaintiff submitted only his affidavit that defendants' behavior was "common practice" based on "observations" and "conversations" with other employees who he lists by first name because of lack of "*any* detail as to a *single* such observation or conversation"); *Qi Zhang v. Bally Produce*, *Inc.*, No. 12 Civ. 1045 (FB) (JMA), 2013 WL1729274, at *4 (E.D.N.Y. Apr. 22, 2013) (declining to conditionally certify collective where plaintiff submitted only his own affidavit and provided no evidence to suggest there were other similarly situated potential collective members); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154, at *2-3 (S.D.N.Y. Feb. 2, 2006) (rejecting application for conditional certification because plaintiffs did not allege a common scheme or even mention other potential collective members).

*Finally*, contrary to Defendants' assertion, Plaintiffs do allege that their putative collective is limited to Defendants' current and former employees from the three years immediately prior to its filing. Doc. 27 at ¶ 101.

Because Plaintiffs do identify at least one potential collective member and limit the collective to employees working for Defendants in the three years prior to their filing of the SAC, Plaintiffs are entitled to conditional certification of their FLSA collective.

### B. Notice

Plaintiffs request to circulate notice of pendency is similarly granted. However, although Plaintiff's request the ability to circulate notice, they do not attach any example of the proposed notice or propose a method of circulation. Because "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed," and "the district court has discretion regarding the form and content of the notice," the parties are directed to submit their proposed notice and plan for its distribution within one week of the date of this Order. *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (citation omitted); *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

Defendants preemptively argue that salaried employees should be exempted from notice, and request that notice be effected by means other than e-mail. Doc. 44 at 5-7. Because Plaintiffs have yet to identify any salaried employees as putative collective members, and because the parties have not yet proposed a means of circulating that notice, the Court declines to address these arguments as premature.

## IV.  Conclusion

For all of these reasons, the Court grants Plaintiffs' motion for conditional collective certification. The parties are directed to submit a proposed plan for notice to putative collective members in accordance with this Order by **March 16, 2021**. The Clerk is respectfully directed to terminate the motion, Doc. 40.

SO ORDERED.

Dated:   March 9, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

8