**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| SALVADOR SANCHEZ, CELSO TORRES, IDELFONSO GIL.WANDY RAMIREZ, DAVID TORRES and JHON VINAS on behalf of themselves and all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ART+1, Inc. and ARTAN MAKSUTI, Individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 20 cv 05623 (ER) |

---

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE ("Agreement") is entered into by and between **Salvador Sanchez Garcia** ("**Sanchez**"), **Celso Torres** ("**Torres**"), **Idelfonso  Gil Rodriguez** ("**Gil**"), **Wandy Ramirez** ("**Ramirez**"), **David Torres Romero** ("**Torres**"), **Jhon Vinas Aguvel** ("**Vinas**"), (collectively, the "**Named Plaintiffs**") and **Alfonso Enrique Mora Huerta** ("**Mora**"), **Andres Phillip Escobar Sanchez** ("**Escobar**"), **Antonio Salazar** ("Salazar") and **Wilson Romero** ("**Romero**") (collectively, the "**Opt-in Plaintiffs**") individually and on behalf of the Class Members (as defined below) and **Art+1, Inc.** ("**Art+1**" or the "**Corporate Defendant**") and **Artan Maksuti** (the "**Individual Defendant**" and, collectively with Art+1, Inc. as the Corporate Defendant, the "**Defendants**" and together with Named Plaintiffs and Opt-in Plaintiffs, the "**Parties**").

1. **RECITALS AND BACKGROUND**

**WHEREAS**, on or about September 22, 2020, Named Plaintiffs filed a Second Amended Class and Collective Action Complaint (the "Amended Complaint") in the United States District

Court for the Southern District of New York, against Defendants (No. 20 cv 05623 (SN)); and said Collective Action and Class Action are being certified exclusively to resolve all claims in the Amended Complaint, including extinguishing any and all claims for all FLSA Collective Members who do not explicitly exclude themselves from the Settlement/Settlement Agreement, and for all NYLL Class Members who do not exclude themselves from the Settlement/Settlement Agreement; (herein, the "Litigation");

WHEREAS, the Amended Complaint asserted claims against Defendants on behalf of Plaintiffs and all individuals who are or were employed by Defendants as construction laborers to recover overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants;

WHEREAS, Defendants filed an Answer asserting, among other things, that the Named Plaintiffs and putative class and collective members were independent contractors;

WHEREAS, the Parties engaged in extensive formal discovery related to the claims asserted on behalf of the Named Plaintiffs, Opt-in Plaintiffs and other individuals in the Complaint and agreed to attempt to reach a resolution through both formal and informal class-wide discovery;

WHEREAS, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Class Counsel (as defined below) analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiffs, Opt-in Plaintiffs, the Class Members and Collective Members, and, based upon Class Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery

whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs, Opt-in Plaintiffs, and the Class Members.

      **NOW THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

2. **DEFINITIONS**

      The defined terms set forth in this Agreement have the meanings ascribed to them below.

2.1 **"Amended Complaint."** "Amended Complaint" means the Second Amended Collective and Class Action Complaint filed by Named Plaintiffs in this Litigation on September 22, 2020.

2.2 **"Bar Date."** "Bar Date" means the date by which any FLSA Collective Member who wishes to qualify as a Participating Collective Member must file a Consent to Join with the Settlement Claims Administrator, and the date by which a Class Member must file an Opt-Out Statement which shall be forty-five (45) days from the date the Settlement Claims Administrator mails the Notice (or as otherwise set by the Court).

2.3 **"Administrative Costs."** "Administrative Costs" are the reasonable administrative expenses for the services of the Claims Administrator during the case.

2.4 **"Attorneys' Fees and Costs."** "Attorneys' Fees and Costs" means the fees for Class Counsel's services in the amount of 33.33% of the Settlement Amount after deduction of actual costs, in addition to actual costs incurred in the Litigation, not to exceed $7,251.73, for which Class Counsel will petition the Court.

2.5  **"Agreement."**  "Agreement" means this Settlement Agreement and Release.

2.6  **"Claims Administrator."**  "Claims Administrator" refers to American Legal Claim Services LLC ("ALCS"), the administrator selected by the Parties to distribute the Notices to Class Members and administer the Settlement.

2.7  **"Class."**  The "Class" means all Class Members, whether NYLL Class Members or FLSA Collective Members, who do not opt out in accordance with this Agreement, as described in the within Section and per Section 2.35, below.  The Parties understand and agree that the Parties' voluntary certification of the Class is only for purposes of effectuating the Settlement and that Defendants do not concede that the certification of any class for any purpose is otherwise appropriate or warranted and in fact deny as much.

2.8  **"Collective Member(s)."**  "Collective Member(s)" means Named Plaintiffs, Opt-In Plaintiffs, and all individuals who worked as Construction Workers from September 22, 2017 through the dates issued in the Preliminary Approval Order.  Only those who worked between September 22, 2017 and the date of the Preliminary Approval Order are FLSA Collective Members.  It is possible to be both a NYLL Class and a FLSA Collective Member if employed by Art+1 both prior to September 22, 2017 and after September 22, 2017.

2.9  **"Consent."**  "Consent" means the consent form approved by the Court attached to the Notice that Collective Members must sign and return by the Bar Date to become a Participating Collective Member.

2.10  **"Class Member(s)."**  The "Class Member(s)" are all current and former Construction Workers of Defendants, who worked as Construction Workers during the Relevant Time Period, provided in each case that such individuals do not opt out of the Settlement pursuant

to this Agreement. The Parties agree that there are the following Class Members, as set forth in the annexed Exhibit B.

2.11 **"Class Counsel" or "Plaintiff's Counsel."**  "Class Counsel" or "Plaintiff's Counsel" means The Law Offices of Jacob Aronauer

2.12 **"Employer Payroll Taxes**."  "Employer Payroll Taxes" means all taxes and withholdings an employer is required to make arising out of or based upon the payment of employment compensation (i.e, W-2 compensation) in this Litigation in accordance with the Settlement Agreement, including but not limited to FICA, FUTA and SUTA obligations.

2.13 **"Class Member Information."**  The "Class Member Information" means the information to be provided to the Claims Administrator pursuant to this Agreement and shall include, if available, for each Class Member: (i) name; (ii) last known address; (iii) Social Security Number or Tax ID; (iv) telephone number; and (v) email address.

2.14 **"Court."**  The "Court" means the United States District Court for the Southern District of New York.

2.15 **"Days."**  Unless otherwise specified, "days" means calendar days. To the extent this Agreement provides that the Parties, jointly or individually, will take any action within a specified number of days, such that the day to take the action falls on a Saturday, Sunday or federal holiday, that action need not be taken until the next day that is not a Saturday, Sunday or federal holiday.

2.16 **"Defense Counsel."**  "Defense Counsel" shall mean The Kagan Law Group, P.C. for Defendants.

2.17 **"Effective Date."**  The "Effective Date" means:

(A)     If there is no appeal of the Final Approval Order, the day after the deadline for taking

an appeal has passed; or

(B)     If there is an Appeal of the Final Approval Order, the day after all appeals are resolved

in favor of final approval or, if later, the day after the deadline for taking any additional

appeals has passed.

**2.18  "Art+1."**  "Art+1" means Defendants Art +1, Inc. and Artan Maksuti, individually and

in his corporate capacity.

2.19 **"Motion for Preliminary Settlement Approval."**  **"**Motion for Preliminary Settlement

Approval" means the motion, including all supporting papers, which Plaintiffs shall file

with the Court requesting Preliminary Approval of the Class and Collective action

Settlement, including entry of the Preliminary Approval Order, and approval of the

proposed Notice. The Motion for Preliminary Settlement Approval shall include: (1) the

proposed Notice; (2) the proposed Preliminary Approval Order; (3) an executed version of

this Agreement; and (4) any other necessary documents, memorandum, affidavits and

exhibits for the purposes of conditionally certifying, for settlement purposes only, a

collective of all Collective Members.

2.20 **"Released Claims."**  "Released Claims" means (for all Participating FLSA Collective

Members) all claims under the Fair Labor Standards Act, including but not limited to any

and all claims for unpaid regular or overtime wages, failure to maintain and furnish

employees with proper wage records, meal break claims, all other claims that were or could

have been asserted in the Litigation, whether known or unknown, under the FLSA through

the date of the Preliminary Approval Order, unreimbursed expenses, statutory penalties,

any related wage and hour claims, including related retaliation claims alleged under the

FLSA in the Plaintiffs' Second Amended Complaint, and attorneys' fees and costs related to such claims through the date of the Final Approval Order. "Released Claims" means (for all Participating Class Members) all claims under the New York Labor Law including unpaid regular and overtime wages, related retaliation claims alleged under the NYLL in the Plaintiffs' Second Amended Complaint, wage notice and wage statement violations, failure to maintain and furnish employees with proper wage records, meal break claims, call-in pay, spread of hours, unreimbursed expenses, statutory penalties, and attorneys' fees and costs related to such claims through the date of the Final Approval Order.

2.21 **"Relevant Statutory Period."** The "Relevant Statutory Period" means (for all Class Members) the period of time from September 22, 2014 through the date the Court issues the Preliminary Approval Order. The "Relevant Statutory Period" means (for all Collective Members) the period of time from September 22, 2017 through the date the Court issues the Preliminary Approval Order.

2.22 **"Settlement Participants."** "Settlement Participants" means Participating NYLL Class Members and Participating FLSA Collective Members.

2.23 **"Fairness Hearing."** The "Fairness Hearing" means a hearing before the Court on the Final Approval Motion.

2.24 **"Notice" or "Notices."** "Notice" or "Notices" means the Court-approved Notice of the Proposed Settlement of Class Action and Collective Action Lawsuit.

    (A) The Notice will inform NYLL Class Members and FLSA Collective Members about this Settlement and also advise of the opportunity to object, opt out, to appear at the Fairness Hearing and of the process to opt-in for FLSA Collective Members.

    (B) Within ten (10) business days of entry of the Preliminary Approval Order by the Court, Corporate Defendant shall provide the Settlement Claims Administrator, in a secure electronic form to protect any personally identifying information, for all Notice Recipients, the following information: name, social security number and/or tax ID, last known address, and dates of employment in relevant position(s) within

the Relevant Statutory Period, as that information exists on file with Corporate Defendant. All information provided to the Settlement Claims Administrator regarding Notice Recipients will be provided to Class Counsel, except for social security numbers.

(C)     Within ten (10) business days of Corporate Defendant's provision of the information set forth in Section 2.2 to the Settlement Claims Administrator, the Settlement Claims Administrator shall mail to all Class and Collective Members, via First Class United States Mail, postage prepaid, the Notice (and, as applicable, the Consent). The Notice shall contain a general description of the method by which settlement shares were calculated and the approximate amount of each Notice Recipient's settlement share.

(D)     FLSA Collective Members who timely submit a Consent to Join to the Settlement Claims Administrator by the Bar Date will be deemed Participating FLSA Collective Members. To become a Participating FLSA Collective Member, a Consent must be signed and post-marked, e-mailed or faxed to the Settlement Claims Administrator on or before the Bar Date. To the extent that the envelope does not contain a post-mark, the date that the Class Administrator stamps the envelope or claim form "received" shall apply.

(E)     The Settlement Claims Administrator will stamp the postmark date on the original of each Consent and Opt-Out Statement that it receives and shall serve copies of same on Class Counsel and Defendants' Counsel not later than three (3) days after receipt. Class Counsel shall file stamped copies of all Consents and Opt-Out Statements with the Court with the Final Approval Motion. The Settlement Claims Administrator will, within seven (7) days after the Bar Date, send a final list of all Consents and Opt-Out Statements to Class Counsel and Defendants' Counsel by email. The Settlement Claims Administrator will retain the stamped originals of all Consents and Opt-Out Statements and originals of all envelopes accompanying Consents in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(F)     Upon receipt of an unsigned but otherwise timely Consent, if the identity of the individual who submitted the Consent is able to be determined, the Settlement Claims Administrator shall promptly by mail apprise the individual who returned the form of its deficiency and provide such individual with a substitute form that the individual may use to cure the deficiency within ten days. A Consent that remains unsigned, undated, or uncured eleven days after any such deficiency letter has been mailed by the Settlement Claims Administrator shall be void and will have been deemed to release their claims as set forth in the Agreement.

(G)     The Settlement Claims Administrator will take all reasonable steps to obtain the correct address of those Notice Recipients for whom a Notice is returned by the post office as undeliverable and shall attempt one re-mailing per Class Member, including using social security numbers to obtain better address information. The Settlement Claims Administrator will notify Class Counsel and Defendants'

Counsel of any Notice sent to a Notice Recipient that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

2.25 **"Notice Recipients."** "Notice Recipients" means Collective Members and Class Members.

2.26 **"Participating Collective Member."** "Participating Collective Member" means a Collective Member who timely files a Consent by the Bar Date.

2.27 **"Final Approval Motion."** The "Final Approval Motion" means the motion to be filed by Class Counsel, after input and approval from Defense Counsel, with supporting documents and materials, seeking the Court's final approval of the settlement and dismissal of the Litigation.

2.28 **"Final Approval Order."** The "Final Approval Order" means an order entered by the Court after the Fairness Hearing, finally approving the terms and conditions of this Agreement, distribution of the Individual Settlement Payments, Service Award, and Attorneys' Fees and Costs, and dismissal of the Litigation with prejudice.

2.29 **"Individual Settlement Payments."** "Individual Settlement Payments" means the amounts to be distributed to Class Members who do not timely submit Opt-out Statements by the Claims Administrator from the Settlement Fund.

2.30 **"Named Plaintiffs."** "Named Plaintiffs" means **Salvador Sanchez Garcia** ("**Sanchez**"), **Celso Torres** ("**Torres**"), **Idelfonso Gil Rodriguez** ("**Gil**"), **Wandy Ramirez** ("**Ramirez**"), **David Torres Romero** ("**Torres")  and Jhon Vinas Aguvel** ("**Vinas**").

2.31 **"Opt-in Plaintiffs."** "Opt-in Plaintiffs" means **Alfonso Enrique Mora Huerta** ("**Mora**"), **Andres Phillip Escobar Sanchez** ("**Escobar**"), **Antonio Salazar** ("**Salazar**") and **Wilson Romero** ("**Romero**").

2.32 **"Net Settlement Amount."** "Net Settlement Amount" means the portion of the Settlement Amount remaining after the Claims Administrator distributes from the Settlement Fund:  (1) any Service Award to Named, Opt-in Plaintiffs, (2) Class Counsel Attorneys' Fees and Costs, (3) Claims Administrator's Costs and Fees, and (4) Employer's share of W-2 tax related costs, and is the amount from which the Individual Settlement Payments shall be made.

2.33  **"Objector."** An "Objector" means any Class Member who properly and timely files with the Court an objection to the Settlement and does not include any individual who opts out of the Settlement pursuant to this Agreement.

2.34  **"Opt-out Period."**  "Opt-out Period" means the period during which a Class Member may submit an effective Opt-out Statement and is the period 45 days from the mailing of the Notice to the Class Member and not later than 75 days from the date of the Preliminary Approval Order.

2.35 **(a) "Opt-out Statement."**  An "Opt-out Statement" is a signed statement indicating that a Class Member has decided to opt out of the Settlement in accordance with Section 3.70_of this Agreement.  Any Class Member who does not submit an Opt-Out Statement waives and releases all Released Claims as set forth in this Agreement.  A Class Member who timely submits an Opt-Out Statement therefore does not become a Participating Class Member and does not release any of the Released Claims.

**2.35(b) "Plaintiffs."** The term "Plaintiffs" means the Named Plaintiffs and the Opt-In Plaintiffs in the within litigation, as each of those terms are defined in Sections 2.30 and 2.31.

2.36  **"Preliminary Approval Order."** The "Preliminary Approval Order" means the Order entered by the Court: (i) certifying a class under F.R.C.P. 23 and a collective under the FLSA and NYLL solely for purposes of effectuating this Agreement; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) appointing Class Counsel; (iv) directing the manner and timing of providing Notice to the Class Members; (v) appointing the Claims Administrator; and (vi) setting dates to effectuate the terms of this Agreement, including the date of the Fairness Hearing.

2.37  **"Relevant Period" or "Relevant Time Period."**  The "Relevant Period" or "Relevant Time Period" means September 22, 2014 through the date of the Preliminary Approval Order.

2.38  **"Service Award."**  "Service Award" means an amount approved by the Court not to exceed $15,000 payable to certain Named Plaintiffs, including Salvador Sanchez Garcia and Celso Torres for their services to the Class, in addition to their respective individual settlement payments, $10,000.00 payable to each of the remaining Named Plaintiffs for their services to the Class, in addition to their respective individual settlement payments; and $7,500.00 payable to each of the Named Opt-ins, in addition to their respective individual settlement payments.

2.39  **"Settlement."**  "Settlement" means the terms and conditions on which the Parties have agreed to resolve the claims of the Named Plaintiffs and the Class Members and Collective Members as set forth in this Agreement.

2.40  **"Settlement Amount."**  The "Settlement Amount" shall be $499,999.86 and shall be the maximum aggregate amount that Defendants will pay in settlement of the claims of Named Plaintiffs, Opt-in Plaintiffs and shall include all of the Individual Settlement Payments,

Service Award(s) to Class Members who do not opt-out, Claims Administrative Costs and Fees, Class Counsel Attorneys' Fees and Costs, Defendants Employer's share of tax obligations related to W-2 payments to the Named Plaintiffs, the Opt-In Plaintiffs and the Class Members. Under no circumstances shall the Settlement Amount exceed $499,999.86.

2.41 **"Settlement Fund."** The "Settlement Fund" means a qualified settlement fund established by the Claims Administrator pursuant to this Agreement from which all Individual Settlement Payments, any Service Awards, and Class Counsel Attorneys' Fees and Costs and Defendants' Employer's share of tax obligations related to W-2 payments to the Named Plaintiffs, the Opt-In Plaintiffs and the Class Members, as authorized by the Court in the Final Approval Order shall be paid.

2.42 **Reversion of De Minimis Undistributed Settlement Amount to Defendants.** "De Minimis Undistributed Settlement Amount" means that if the total Settlement Amount proceeds not accepted by the Class Members is equal to $2,500 or less, (i.e., after all settlements checks are provided and the period ends for the checks to be deposited, if the remaining amount left unclaimed is $2,500 or less), then said amount will be distributed to Defendants. If the amount of Settlement Amount Proceeds that are unclaimed by the Class Members is $2,501 or more, then the remaining settlement monies will be distributed as follows: (a) between $2,501 and $50,000 shall be distributed to the Named Plaintiffs and the Opt-in Plaintiffs; (b) if more than $50,000 in Undistributed Settlement Amount, then said monies shall be distributed among the Named Plaintiffs, the Opt-In Plaintiffs, and the Class Members, in shares proportionate to each such person's ratio / percentage of the Settlement Amount. This provision is subject to Section 4.7 (E), and as such, before any unclaimed or Undistributed Settlement Amount can revert to the Plaintiffs or the Class

Members, said funds must first be used to indemnify Defendants for the dollar amount of any tax penalties or fines from the IRS or state taxing authorities, if said tax issues are based upon an incorrect filing(s) by Plaintiff(s) or by Class Member(s), as described in Section 4.7 (E).

## 3.    INITIAL PROCEDURAL ISSUES

3.1   **Binding Agreement.**   This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

3.2   **Preliminary Approval Motion.**

(A)   Class Counsel will provide Defendants' Counsel with a draft of the Motion for Preliminary Settlement Approval as soon as practicable but in no event fewer than seven (7) business days before submission of same to Court to enable Defendants' Counsel to review and propose changes if appropriate, to the Motion for Preliminary Settlement Approval.

(B)   Thereafter, Class Counsel shall file the Motion for Preliminary Settlement Approval with the Court requesting preliminary approval of the class action settlement, including entry of the Preliminary Approval Order, and approval of the proposed Notice. The Motion for Preliminary Settlement Approval will seek: (i) conditional certification of the Collective for settlement purposes only; (ii) conditional certification of the Class for settlement purposes only; (iii) approval to send the Notice (and, as applicable, the Consent) to Notice Recipients; (iv) the setting of the Bar Date; and (v) the setting of the Fairness Hearing date.

(C)   In the Motion for Preliminary Settlement Approval, Class Counsel will inform the Court of the intended process to obtain a Final Approval Order that will, among other things, seek to: (i) approve the class action settlement as fair, adequate and reasonable; (ii) incorporate the terms of this Agreement, as described herein; (iii) dismiss the Litigation with prejudice; (iv) award Class Counsel's fees and costs and the Settlement Claims Administrator's fees and costs; and (v) award Service Awards as Ordered by the Court. The Motion for Preliminary Settlement Approval will also seek approval of the FLSA settlement contemplated herein pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015).

(D)   If the Court denies the Preliminary Approval Motion, unless the parties jointly agree to seek reconsideration of the ruling or to renegotiate the settlement and seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted. The Parties and their respective counsel each agree to use good faith efforts to seek reconsideration if the Court denies the Preliminary Approval Motion, and to use good faith efforts in renegotiation of any settlement

terms that the Court may indicate would be necessary in order to receive granting of the Preliminary Approval Motion. Defendants retain the right to contest whether the Litigation should be maintained as a class action or collective action and to contest the merits of all the claims being asserted in the Litigation.

(E) The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and dismissal with prejudice expeditiously.

3.3 **Claims Administrator.**  The Parties will have equal access to the Claims Administrator and all information related to the administration of the Settlement.

3.4 **Class Member Information.**  Defendants agree to use reasonable efforts to ensure that the Claims Administrator receives the Class Member information within fourteen (14) days after the Court's Preliminary Approval Order.  The Class Member Information is to be used by the Claims Administrator to effectuate the Settlement, and may not be copied, disseminated or used for any other purpose and shall not be provided to Class Counsel.  If Defendants fail to provide this information, Plaintiffs will provide notice to Defendants. Defendants will then have 15 (fifteen) days to cure.  If Defendants do not cure, Plaintiffs will seek the intervention of the Court and will be permitted to seek attorney fees with respect to this application.

3.5 **Responsibilities of the Claims Administrator.** The Claims Administrator shall be responsible for performing all aspects of the claims administration process within the time periods specified in this Agreement, including:

(A) locating Class Members using the Class Member Information to be provided pursuant to this Agreement;

(B) preparing, printing and disseminating the Notices to Class Members in accordance with the Court's Preliminary Approval Order;

(C) performing a skip trace in the event that any Notices are returned as undeliverable and re-mailing those Notices as appropriate based on the results of the skip trace;

(D)     providing weekly reports to the Parties regarding the status of the mailing of the Notices to Class Members;

(E)     responding to inquiries from Class Members regarding procedures for filing Opt-out Statements or objections;

(F)     promptly furnishing to counsel for the Parties copies of any Opt-out Statements, objections or other written or electronic communications from the Class Members to the Claims Administrator;

(G)     setting up the Settlement Fund to be used for the distribution of all Individual Settlement Payments to Class Members, the Service Award, and Attorneys' Fees and Costs, as authorized by the Court in the Final Approval Order;

(H)     calculating the amount of each Individual Settlement Payment based on the criteria specified in this Agreement;

(I)     mailing a check to each Class Member in the amount of his or her Individual Settlement Payment;

(J)     in the event that a check for any Individual Settlement Payment is returned as undeliverable after being mailed to a Class Member, taking reasonable steps to identify a current address for that Class Member and re-mailing a check for the Individual Settlement Payment in accordance with this Agreement;

(K)     distributing all required tax forms to Class Members and to Class Counsel as provided herein and satisfying any tax payments and obligations on behalf of Defendants arising from payment of the Settlement Fund;

(L)     preparing and executing a declaration regarding its due diligence in the claims administration process;

(M)     maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and Individual Settlement Payments, returned mail and other communications and attempted written or electronic communications with Class Members;

(N)     confirming in writing to Class Counsel and Defense Counsel its completion of the administration of the Settlement; and

(O)     performing such other duties as the Parties may jointly direct or as specified herein

3.6 -**Notice to Class Members.**

(A)     The Notice will inform Class Members and Collective Members about this Settlement and will also advise of the opportunity to object, opt out, to appear the Fairness Hearing, and the process to opt-in for Collective Members.

(B)    Within forty-five (45) days of the Court's issuance of the Preliminary Approval Order, the Claims Administrator will mail to each Class Member, via First Class United States Mail, a copy of the Notice as approved by the Court in the Preliminary Approval Order.  During the aforementioned forty-five (45) day-period, the Class Administrator shall conduct a reasonable search to locate Class Members in the first thirty (30) days after the Court's issuance of the Preliminary Approval Order, and shall then mail the Notices to all Class Members that have been located within 15 days, i.e., 45 days after the issuance of the Preliminary Approval Order.  Along with the notice, the Claims Administrator will also send a W9 and a W8 to each Class Member to be completed and returned.  Completion of either a W-2, W-9, or W-8 is required to receive settlement funds unless the Class Member's share of the settlement is $600 or less.  To the extent that the Claims Administrator has the information necessary to do so, the Claims Administrator will, at the same time, send each Class Member an e-mail and a text message containing the Notice.

(C)    The Claims Administrator will notify Class Counsel and Defense Counsel of any Notice that is returned as undeliverable by the United States Postal Service after the first mailing and/or if they are not able to locate a mailing address.  The Claims Administrator will take all reasonable steps to obtain the correct address of any Class Member for whom a Notice is returned as undeliverable, including by conducting at least one skip trace, and shall attempt a re-mailing of the Notice to any Class Member for whom it obtains a more recent address, provided that no second mailing shall occur more than 30 days after the initial mailing unless that Parties agree and direct otherwise.  The Claims Administrator will notify Class Counsel and Defense Counsel of any Notice returned as undeliverable after a second mailing or it is unable to locate.  The Claims Administrator shall keep accurate records of the dates on which it mails Notices to Class Members and shall not attempt more than two (2) mailings of the Notice to any Class Member.

(D)    The Parties have a mutual interest in maximizing participation of Class Members in the Settlement.  In the event the Claims Administrator is not able to obtain current contact information for Class Members whose Notices are returned as undeliverable, the Parties will cooperate to identify any reasonable alternative steps through the Class Administrator that can be used to ensure that the returned Notices are delivered.  Nothing in this Section restricts Defendants' rights under Section 4.9 of this Agreement.

(E)    Class Members are not required to submit claim forms to participate in the Settlement and the amount allocated to each Class Member under Section 4.5 of this Agreement will not be modified except as provided in this Agreement, but must comply with providing their respective social security numbers, W-2, W-9 and/or W-8 forms.

3.7  **Class Member Opt-outs.**

(A)    A Class Member who chooses to opt out of the Settlement must mail via First Class United States Mail, postage prepaid, an Opt-out Statement, which shall be signed

and shall include his or her name, address, and telephone numbers and a statement indicating his or her intention to opt out such as: "I opt out of the wage and hour settlement" or words to that effect. To be effective, an Opt-out Statement must be post-marked within the Opt-out Period (i.e., 30 days from the mailing of the Notice to the Class Member and not later than 75 days from the date of the Preliminary Approval Order.)   An opt-out notice form shall be mailed by the Class Administrator when Notice to Class Members is provided in Section 3.6 above.

(B)     Any Class Member whose Notice was returned to the Claims Administrator as undeliverable after the initial mailing will have thirty (30) days from the date of the second mailing to mail an Opt-out Statement to the Claims Administrator, provided that such an Opt-out Statement must be postmarked no later than seventy-five (75) days from the date of the Preliminary Approval Order.

(C)     The Claims Administrator will stamp the postmark date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and Defense Counsel not later than three (3) business days after receipt.  The Claims Administrator will, within 30 days of the end of the Opt-out Period, send a final list of all Class Members who mailed Opt-out Statements to Class Counsel and Defense Counsel by both e-mail and overnight delivery. The Claims Administrator will also, within thirty (30) days of the end of the Opt-out Period, provide to Class Counsel, who will promptly file with the Court, stamped copies of any Opt-out Statements.  The Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(D)     A Class Member who does not timely and properly submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the Settlement and the terms of this Agreement and will be issued an Individual Settlement Payment.  A Class Member who timely and properly submits an Opt-out Statement will not be bound by the Settlement and will not be issued an Individual Settlement Payment.

3.8  **Objections to Settlement.**

(A)     A Class Member who wishes to object to the Settlement must do so in writing.  A Class Member who has submitted an Opt-out Statement may not submit objections to the Settlement.  To be considered, a written objection must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and be postmarked by a date that is not more than 30 days from the mailing of the Notice to the Class Member and no later than seventy-five (75) days from the date of the Preliminary Approval Order.   The written objection must state (in sum or substance), "I object to the Art+1, Inc. and Artan Maksuti wage and hour settlement," as well as all reasons for the objection. Any reasons not included in the written objection will not be considered by the Court.  The written objection must also include the name, address, and telephone number for the Class Member making the objection.  The Claims Administrator will stamp the date received on

the original and send copies of each objection to Class Counsel and Defense Counsel by e-mail and overnight delivery no later than five (5) business days after receipt. The Claims Administrator will also, within thirty (30) days of the end of the Opt-out Period, provide to Class Counsel, who will promptly file with the Court, stamped copies of any written objections.

(B)     The Parties may, no later than three (3) business days before the Fairness Hearing, file with the Court written responses to any filed written objections. An Objector has the right to appear at the Fairness Hearing, either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections by including the statement (in sum or substance), "I intend to appear at the Fairness Hearing" in his or her written objection. An Objector may withdraw his or her objections at any time. No Objector may appear at the Fairness Hearing unless he or she has timely filed written objection that complies with all procedures provided in this Agreement. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections.

### 3.9   Opt-in Procedure.

A.  To become a Participating FLSA Collective Member, FSLA Collective Members must

timely submit a Consent and an Opt-in Form to the Settlement Claims Administrator

by mail or before the Bar Date.

B.  All Consent and Opt-In Forms will be filed with the Court with the Final Approval Motion before the Fairness Hearing.

C.  Any Participating

D.  FLSA Collective Member will be deemed to have accepted the settlement and the terms of this Agreement, will be bounded by the Final Judgment in this case, and, in addition to any other claims released in connection with the settlement, have any FLSA Claims released.

### 3.10   Final Approval Motion and Dismissal.

Within thirty (30) days of Class Counsel's receipt of the Class Member list from the Claims

Administrator and at least fifteen (15) days before the Fairness Hearing (or such earlier

date as the Court may set in the Preliminary Approval Order), Class Counsel will file the

Final Approval Motion and a proposed Final Approval Order.

3.11 **Defendants' Review of the Final Approval Motion**.

Defendants shall have the right to review and comment on the draft Final Approval Motion and the content of the proposed Final Approval Order. Class Counsel will provide Defense Counsel with copies of a draft Final Approval Motion and draft proposed Final Approval Order at least ten (10) business days in advance of their anticipated filing. Class Counsel will consider Defendants' comments in good faith and make reasonable revisions to incorporate those comments, and the parties shall agree on the final form of the Final Approval Motion for filing.

3.12 **Cost of Administrators**. The parties have agreed on American Legal Claim Services, LLC to be the claims administrator ("Claims Administrator"). The parties agree that the Cost of the Claims Administrator will be $20,500, and be paid from the Settlement Amount before any distributions (divided between the 9th and 18th payment distributions) and that if the Claim Administrator believe that their expenses will increase they will have to petition the Court.

3.13 **Entry of Judgment.** In the Final Approval Motion and at the Fairness Hearing, the Parties will request that the Court, among other things, (i) certify the Class for purposes of the Settlement, (ii) enter judgment in accordance with this Agreement, (iii) approve the Settlement and the terms of this Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not timely opted out and (iv) dismiss the litigation with prejudice.

3.14 **Effect of Failure to Grant Final Approval.** If the Court denies the Final Approval Motion, the Parties will work together diligently and in good faith to remedy any issue(s) leading to such denial and to seek appellate review of the ruling or order denying the motion

and/or Court approval of a renegotiated settlement, provided that Defendants shall have no obligation to pay more than the Settlement Amount under any circumstances.  If, despite the Parties' efforts, the Court continues to deny the Final Approval Motion (or otherwise to finally approve the Settlement), then the Settlement will become null and void, provided that the failure by the Court or an appellate court to award or sustain the full amount of the Service Award to the Named Plaintiffs, or the Attorneys' Fees and Costs to Class Counsel, will not constitute a failure to finally approve the Settlement or a material modification of the Settlement.  If the Settlement becomes null and void pursuant to this section:

(A)     The Litigation will proceed as if no settlement had been attempted. The Parties will be restored to their positions prior to mediation, and any class or collective certified for purposes of settlement shall be decertified (either by the Court *sua sponte* or on a motion by Defendants, which Named Plaintiffs agree not to oppose) and Defendants will retain all rights and defenses, including the right to contest whether any collective or class may be certified in the Litigation.  In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule within fifteen (15) business days if no settlement attempts are made, or fifteen (15) business days from when settlement efforts that are stalled between the Parties, which will be deemed stalled or unsuccessful after written notice from one Party to the other that litigation will recommence without reply from the other Party within that fifteen (15) business day period triggered by the initial notice from one Party.

(B)     The Claims Administrator will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Claims Administrator in mailing the Notices.

(C)     No portion of the Settlement Fund will be distributed, and the entire Settlement Amount will revert to Defendants.

## 4.   SETTLEMENT TERMS

### 4.1   Payment of the Settlement Amount.

(A)     Defendant will not be required to pay more than the Settlement Amount under the terms of this Agreement, therefore all Individual Settlement Payments, Service Awards, Claims Administrator Costs and Fees,  Class Counsel Attorneys' Fees and Costs, the Employer's share of payroll deductions for W-2 related taxes for each Named Plaintiffs, Opt-In Plaintiffs, and Class Members, as well as Named

Plaintiffs, Opt-in Plaintiffs and Class Members' respective individual required W-2 taxes and any other fees or costs associated with the Settlement Agreement ("Settlement Related Payments"), shall be fully resolved and satisfied from the Settlement Amount.

(B)   **Payment Schedule.**  Defendants shall be required to divide payments toward the Settlement Amount into eighteen (18) consecutive equal monthly payments of $27,777.77 each, which shall be made by Defendants directly to the Claims Administrator, and Defendants shall make their first monthly payment to the Claims Administrator within 30 days after the Court's Final Approval Order.

(C)   If Defendants do not timely make payment, the Claims Administrator will inform both parties via e-mail.

(D)   Within 30 days after the ninth payment, the Claims Administrator will mail 50% of the total accrued Settlement Amount payments, paid at that time to the Claims Administrator, minus the Claims Administrator fees and costs accrued and the amount of the Employer's W-2 related tax burden for W-2 payments to be made to the Class members at that time, in individual settlement checks to the Class Members.  With respect to the first half of the payments, half of the service awards will be distributed as follows: Salvador Sanchez Garcia and Celso Torres will each receive $7,500 as a service award; Idelfonso Gil Rodriguez, Wandy Ramirez, David Torres Romero and Jhon Vinas will each receive $5,000.00 and Opt-ins Alfonso Enrique Mora Huerta, Andres Phillip Escobar Sanchez, Antonio Salazar and Wilson Romero will each receive $3,750.00  as a service award.  The net amount after these reductions and payments will be distributed amongst the Class Members; fifty percent (50%) of the Court-approved Plaintiffs' legal counsel fees will then be distributed to The Law Offices of Jacob Aronauer.

(E)   Within thirty (30) days after the eighteenth payment, the Claims Administrator will mail half of the total accrued Settlement Amount payments in individual settlement checks to the Class Members.  The second half of the Settlement Amount payments made between the 9th payment and the 18th payment by Defendants, will be mailed by the Claims Administrator, after the same deductions prior to the first distribution to the Class Members, 30 days after the 18th payment by Defendants and shall otherwise be made in accordance with the payments set forth in paragraph 4.1(d).

(F)   Defendants shall deposit the Settlement Amount in an account established by the Claims Administrator for purposes of creating the Settlement Fund.  The Claims Administrator will act as escrow agent and will have the authority to release the Settlement Amount from escrow immediately following the Effective Date for purposes of administering the Settlement.

(G)   **Confession of Judgment.**  Concurrent with the execution of this Agreement, the Individual Defendant, on behalf of himself and the Corporate Defendant, shall execute a Confession of Judgment in the amount of $625,000.00 if no payments are made by Defendants or if Defendants do make payments then the Confession of

Judgment shall be equal to 125% of any unpaid balance of the Settlement Amount, after crediting all payments made by Defendants (the "Default Balance"), the form of which is appended hereto as Exhibit A, which shall be executed and provided to Class Counsel to be held in escrow to secure the payment obligations of the Defendant hereunder.  The amount of confessed judgment shall be reduced by the amount of the Settlement Amount already paid by that date.  The Confession of Judgment shall be maintained in Class Counsel's escrow account and shall not be filed unless Corporate Defendant is given the notice and opportunity to cure (as described below) and fails to cure. Failure to cure within 30  (thirty) days after receipt of the appropriate notice, based on the notice provisions set forth in the annexed Confession of Judgment Form, and as set forth in this Settlement Agreement,  and by thirty-one (31) days after the opportunity to cure provided herein constitutes a default.  If there is no default by Corporate Defendant, Class Counsel shall not file the Confessions of Judgment.  Upon Corporate Defendant's payment of the final payment of the Settlement Amount pursuant to this Agreement, Class Counsel shall immediately return all Confessions of Judgment to Defendants' Counsel or destroy same and send written confirmation by email to Defendants' Counsel to confirm that destruction occurred.

(H)     In the event Corporate Defendant fails to make any time payment as set forth in this Agreement, Class Counsel shall transmit, by email, a notice to cure to Defendants' Counsel, Linda Kagan (lkagan@thekaganlawgroup.com).  Corporate Defendant shall have the opportunity to cure 30 (thirty) calendar days from receipt of same. If Corporate Defendant fails to make the outstanding payment during such 30-day period, Corporate Defendant shall be in default of this Agreement.  Upon such default, Class Counsel may immediately file the Confessions of Judgment with the appropriate County Clerk in New York State and the Clerk of the Court for the U.S. District Court for the Southern District of New York.

## 4.2  Attorneys' Fees and Costs.

(A)     In the Final Approval Motion and at the Fairness Hearing, Class Counsel will petition the Court to award the Attorneys' Fees and Costs.

(B)     The substance of Class Counsel's application for the Attorneys' Fees and Costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement.  The outcome of any proceeding related to Class Counsel's application for the Attorneys' Fees and Costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion.  After depositing the Settlement Amount with the Claims Administrator in the Settlement Account, Defendants shall have no additional liability for Class Counsel's attorneys' fees and costs.  Any amount by which the Court reduces the Attorneys' Fees and Costs shall automatically be reallocated to the Net Settlement Amount to be distributed to Class Members in accordance with this Agreement.

4.3   **Service Award to Named Plaintiffs and Opt-in Plaintiffs.**

(A)   In the Final Approval Motion and at the Fairness Hearing, Named Plaintiffs and Opt-in Plaintiffs may apply to the Court for approval of the Service Award in consideration for work performed on behalf of the Class.

(B)   The substance of Named Plaintiffs' and Opt-in Plaintiffs' joint application for a Service Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the Settlement. The outcome of any proceeding related to the applications for a Service Award shall not terminate this Agreement or otherwise affect the Court's ruling on the Final Approval Motion. Any amount by which the Court reduces the Service Award shall automatically be reallocated to the Net Settlement Amount to be distributed to Class Members in accordance with this Agreement.

(C)   Within one hundred twenty (120) days from the date of the second and final installment of Settlement Checks are mailed to Settlement Participants, the Settlement Claims Administrator will calculate the amount of unclaimed monies for uncashed Settlement Checks and shall provide the remaining unclaimed monies as follows: if  $2,500 or less, said amount shall revert to the Defendants; if $2,501 to $50,000, said amounts shall revert to the Named Plaintiffs and Opt-In Plaintiffs provided however, any amount of unclaimed monies amounts to more than $50,000 then the amount over $50,000 will be split among the entirety of the Class Members and this entire provision is first subject to the tax indemnification clause of Section 4.7 (E), under which, said unclaimed settlement monies would first go towards indemnifying/holding  harmless the Defendants from any IRS or government tax penalty or fines, if based upon Plaintiffs' incorrect filing of taxes as described in Section 4.7 (E).

4.4   **Administrative Costs.**

The Parties agree that provided that the Court grants Final Approval, the Administrative Costs will come out of the Settlement Fund.  As part of the Final Approval Motion, Class Counsel will submit a declaration from the Claims Administrator detailing the administration process.

4.5   **Net Settlement Amount and Allocation to Collective Members and Class Members.**

(A)   The allocation of the Settlement Amount to Class Members shall be made from the Net Settlement Fund.

(B)     **Allocation Formula. The allocation formula for all members who worked prior to December 1, 2019, is as follows.**  Each individual settlement payment shall be paid from the Settlement Fund, out of the Net Settlement Amount of $207,998.75.  A table listing the settlement payout for each Class Member (including Named Plaintiffs and Named Opt-Ins) is annexed hereto as Exhibit B.  Each Class Member shall be paid according to the number of years worked for Defendants, calculated as a percentage of the total years (in aggregate) worked by Class Members for Defendants.

(C)     To the extent that the amount the Court approves for Attorneys' Fees and Costs, or a Service Award is less than the amount contemplated by this Agreement or the amount for which Class Counsel petitions the Court, any differential shall be reallocated to the Net Settlement Amount to be distributed to Class Members according to the criteria specified in this section.

(D)     Only Class Members who do not timely opt out of the Settlement in accordance with this Agreement shall be entitled to receive an Individual Settlement Payment. The amount of any Individual Settlement Payment allocated to a Class Member who timely submits an Opt-out Statement shall not be reallocated to the Net Settlement Amount.

(E)     Class Members who commenced employment with Art +1, Inc. after December 1, 2019, will receive $100 if they opt in to the settlement and $75 if they do not opt in to the settlement.  The remaining portion of the Net Settlement Fund will be distributed on a pro rata basis based on the potential damages of the Participating Collective Members and/or Participating Class Members who commenced

employment with Defendants before December 1, 2019.  These potential damages were calculated by the same formula previously discussed in Section 4.5(C).

### 4.6  Distribution of Individual Settlement Payments.

(A)  The Claims Administrator shall, within fourteen (14) days of Defendants' ninth and eighteenth payments to the Claims Administrator, mail a check to each Class Member in the amount of his or her Individual Settlement Payment.  Class Members are not required to submit claim forms to participate in the Settlement, and each Class Member who does not opt out shall receive his or her Individual Settlement Payment in accordance with this Agreement, provided he or she provides the requisite completed W-2, W-9 or W-8 form in the time period required. A Class Member who timely submits an Opt-out Statement will not receive a check in the amount of his or her Individual Settlement Payment.

(B)  Class Members receiving Individual Settlement Payments shall have ninety (90) days after their respective checks are mailed to redeem them.  If a check is returned as undeliverable to the Claims Administrator, the Claims Administrator will make all reasonable efforts to re-mail it to the Class Member at his or her correct address. If any Class Member's check is not redeemed within 90 days after the initial mailing, the Claims Administrator will send the Class Member a letter, and, to the extent that the Claims Administrator has the information necessary to do so, an e-mail and a text message-informing him or her that unless the check is redeemed in the next thirty (30) days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced and not redeemed.

(C)    Any check for an Individual Settlement Payment that is not redeemed within the ninety (90) days after its initial mailing will expire and become non-negotiable, and the amount of the unredeemed check will revert to Named and Opt-in Plaintiffs if between $2,501 and $50,000, or to Named and Opt-in Plaintiffs and all Class Members if the amount is $50,000 or more; if the amount is less than the $2,500 De Minimis Undistributed Settlement Amount to be returned to Defendants. If the tax indemnification provision of Section 4.7 (E ) of this Agreement is triggered, then the total amounts of Undistributed Settlement Amounts shall first go towards indemnifying Defendants for any tax liability incurred based on Plaintiffs' or Class Members' incorrect filings or failure to file taxes, and shall then be distributed to the Plaintiffs and Class Members as per this Section 4.6 (C).

(D)    In the event that the Class Administrator is unable to locate a mailing address for any Class Member after reasonable attempts have been made as set forth in this Agreement, the amount of the unredeemed check will revert back to Plaintiffs, no later than one hundred eighty (180) days after the payment is made by Defendants, provided first that: (i) any amounts necessary to indemnify Defendants for fines or penalties from the taxing authorities shall first be paid to Defendants, if the tax indemnification clause in Section 4.7 (E ) is triggered due to a lack of tax payments by Plaintiffs or by the Class, and if the $20,000 that was set aside in escrow for tax liability issues, as per Section 4.7 (E) and 4.7 (F) shall be insufficient to defend / hold harmless / indemnify Defendants for such tax penalties, fines, judgments or tax assessments, based on a lack of tax payments by Plaintiffs or by the Class; and (ii) any additional costs of the Third-Party Claims Administrator (incurred for the

additional distributions of De Minimus Undistributed Settlement Amounts) shall be paid first to the Third-Party Claims Administrator, prior to the remaining unredeemed funds reverting to the Plaintiffs (both Opt-In and Named), or to the Plaintiffs and Class Members in accordance with the terms of this Settlement Agreement. The Third Party Claims Administrator has estimated such added distribution costs for distributing reverted funds to the Plaintiffs and / or Class to be between $300 and $1,900, and the Third Party Claims Administrator shall seek no higher costs for this task, unless they petition the Court; and (iii) any amounts of $2,500 (De Minimus Undistributed Settlement Amounts) shall revert to Defendants, and (iii) distributions of $2,501 to $50,000 shall revert back to Plaintiffs (Named and Opt-In), while $50,001 and higher in unredeemed check totals are distributed to Plaintiffs and to Class Members.

(E)     If during the ninety (90)-day void period, additional Class Members are located and contact the Claims Administrator, the Claims Administrator will send such Class Members W9 and W8 forms to fill out and return.  Upon receipt of the completed W9s or W8s, the Claims Administrator will add any such Class Members to a secondary payment date, which will be thirty (30) days after the ninety (90)-day void period.  All checks mailed in the secondary mailing will be void sixty (60) days after mailing. All revision funds for Class Members who cannot be located or who have not cashed checks by the sixty (60)-day void period will revert to the Plaintiffs thirty (30) days after the sixty (60)-day void period unless the amount is the $2,500 De Minimis Undistributed Settlement Amount,  which shall revert to Defendants.

(F)     If no additional Class Members are identified within the original ninety 90-day void deadline, all funds will revert back to Plaintiffs  thirty 30 days after the ninety 90-day void period expires unless the amount is De Minimis.

4.7  **Tax Characterization.**

(A)     The Individual Settlement Payments shall be paid as follows: 50% of the amount to Plaintiffs shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings to be withheld by the Claim Administrator and paid to tax authorities on behalf of the Class Members and the Corporate Defendant portion of such statutory payroll deductions/withholdings shall be paid from the Settlement Amount . An IRS form W-2 shall be issued to Plaintiffs from the Claims Administrator, reflecting gross payment to Class Members and all statutory payroll deductions/withholdings .  The remaining 50% of the amount to Plaintiffs shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings and shall be reported by the Claims Administrator to the IRS via a Form 1099, which shall be mailed to each Class Member no later than January 31st of each tax year payments are made to Class Members under this Settlement Agreement.

(B)     The Service Award shall be paid without any tax withholdings and reported by the Claims Administrator to the IRS via a Form 1099, which shall be mailed to each Class Member no later than January 31st of each tax year that payments are made to Class Members under this Settlement Agreement.

(C)     The Attorneys' Fees and Costs shall be paid without any tax withholdings and reported by the Claims Administrator to the IRS via a Form 1099, which shall be mailed to The Law Offices of Jacob Aronauer no later than January 31st of each tax year payments are made to Class Counsel under this Settlement Agreement.

(D)     Class Counsel, Defense Counsel and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to comply with the tax reporting obligations described in this section.  Neither Class Counsel nor Defense Counsel intend anything contained in this Agreement to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

(E)     The Class Members assume full responsibility for paying any and all federal, state, and local taxes imposed or required to be paid by them in accordance with any federal, state, or local law or regulation on any payment to them under this Agreement.  Although the Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the IRS or any other federal, state, or local government, administrative agency, or court determines that Defendants and/or any individual or entity are liable for any failure by Named Plaintiffs, Opt-in Plaintiffs or Class Members to pay federal, state, or local income, employment, or payroll taxes with respect to any payment made pursuant to this Agreement, Named Plaintiffs, Opt-in Plaintiffs and or Class Members agree to hold Releasees (as defined below) harmless and to indemnify Releasees for any payments that Releasees may be required to make (including any payments for interest and

penalties) to any taxing authority resulting from the issuance of an IRS Form 1099 or any other payment made pursuant to this Agreement and Named Plaintiffs' or Opt-in or Class Members' failure to pay any taxes owed.  In the event that an individual Plaintiff's financial resources are insufficient to indemnify, defend, and hold harmless the Defendants from and against any and all liabilities, damages, losses, obligations, penalties, litigation, proceedings, demands, defenses, disputes, claims, judgments and expenses of whatever kind and nature imposed upon, incurred by, asserted or awarded against Defendants, arising out of or relating to the payment of compensation to any Plaintiff on a 1099 basis, rather than on a W-2 basis, then the remaining Plaintiffs, jointly or severally, shall hold harmless/ indemnify/defend Defendants for any such liability, damages, penalties, or other such losses that Defendants may incur, with respect thereto, all of which shall be the responsibility and be demanded of each Plaintiff, individually, and a portion of the Settlement Agreement shall be withheld for all Plaintiffs who refuse to provide a tax I.D. Number, based on their distribution from the Settlement Amount.  If a named Plaintiff is unable to provide a tax I.D. number, then that that money will be redistributed among the Plaintiffs in equal amounts.

In order to carry out the indemnification / defend / hold harmless provisions from this Section 4.7 (E), a portion of the Settlement Amount totaling $20,000 shall be held in escrow by the Third-Party Claims Administrator, and shall be used to indemnify / hold harmless the Defendants (either Art +1, Inc., or Artan Maksuti, or both Defendants) to offset any such tax penalties, fines, tax judgments or penalties described in this Section 4.7( E), for any payments that Defendants  may be required

to make (including any payments for interest and penalties) to any taxing authority resulting from the issuance of an IRS Form 1099, or resulting from any other payment made pursuant to this Agreement, or resulting from the Named Plaintiffs' or Opt-in or Class Members' failure to pay any taxes owed. Said $20,000 shall remain in escrow for no more than eighteen months from the date of the first round of distributions of checks to the Plaintiffs and to the Class Members, pursuant to Section 4.1 (C), above, after which point the money shall be distributed in accordance with the terms of this Settlement Agreement.

(F)     With respect to any payment Class Counsel receives pursuant to this Agreement that is characterized as attorneys' fees, costs, or expenses, Class Counsel assumes full responsibility for any and all federal, state, and local taxes or contributions that may hereafter be imposed or required to be paid pursuant to any federal, state, or local law or regulation.

4.8  **Right of Defendants to Reject Settlement.**  If 20% or more of the Class Members, or if a number of Class Members whose Individual Settlement Payments in the aggregate total 20% or more of the Net Settlement Amount, timely submit Opt-out Statements, Defendants shall have the right to cancel the Settlement within ten (10) business days of the date on which Defense Counsel first receives notice from the Claims Administrator of facts that would permit Defendants to exercise this right. In the event that Defendants cancel the Settlement, the Settlement and all actions taken in its furtherance will be null and void.  If Defendants cancel the Settlement, Defendants will be responsible for any fees of the Claims Administrator incurred through the date of cancellation, any class or collective certified for settlement purposes will be considered decertified, and Defendants may make

a motion to the Court to decertify the class or collective (which motion Plaintiff and Class Counsel agree not to oppose), and the Parties will be restored to their positions prior to mediation. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

**5.   RELEASE**

5.1  **Release of Claims.**

(A)  **Class Members Who Do Not Opt Out.**  Upon the Court's issuance of the Final Approval Order, and entry of judgment of dismissal with prejudice, for and in consideration of the promises of Defendants set forth in this Agreement, each Class Member who does not submit a timely Opt-out Statement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, and administrators, fully releases and discharges Defendants, their present, former and future parents, subsidiaries, affiliates and related entities, including each of their respective present and former shareholders, members, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, each solely in their capacity as such (collectively, the "Releasees"), from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits of any kind that relate to compensation or any wage and hour violations under federal, state, and/or local law including, but not limited to, any and all claims for unpaid wages, overtime compensation, gratuities, tips, tip credits, tip allowances, service charges, administrative charges, operational

charges, other mandatory charges, commissions, improper deductions, travel time, bonuses, penalties, spread-of-hours pay, meal breaks, meal credits, uniform maintenance, uniform reimbursement, expense reimbursement, failure to maintain and furnish employees with proper wage notices and statements, other compensation, wages, or benefits, including, but not limited to, life insurance, accidental death and disability insurance, sick leave, other employer-provided plans or programs, distributions of income or profit, vacation or other leave time, retirement benefits, pension benefits, and any other claims that were or could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws (including, but not limited to, New York Labor Law, New York Code of Rules and Regulations, New York Minimum Wage Order for Miscellaneous Industries and Occupations, and New York Wage Theft Prevention Act and the FSLA, to the extent it applies to any Class Member who is also a Collective Action Member), including all claims for relief relating to any such released claims, including claims for liquidated damages, punitive damages, penalties, interest, and attorneys' fees, costs, and expenses, that may have occurred during, arising from, or relating to each Class Member's alleged employment with Art+1, from the beginning of the world through the end of the Relevant Time Period, except for any claim described in Section 2.20 ).  Nothing contained in this release precludes any Class Member from pursuing any claims for unemployment insurance benefits or workers' compensation benefits. Moreover, nothing contained in this release affects any Class Member's rights to any vested benefits under any applicable employee benefit plan, if any.

(B)     **Class Members Who Redeem Checks.**  Upon the Court's issuance of the Final Approval Order and entry of judgment of dismissal, for and in consideration of the promises of Defendants set forth in this Agreement, each Class Member who redeems a check for an Individual Settlement Payment, or who was required to and has otherwise opted into the Litigation, on his or her behalf, and on behalf of his or her respective current, former and future heirs, executors, and administrators, in addition to the release of claims set forth in Section 2.20 above, fully releases and discharges the Releasees from and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits of any kind under the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") that may have occurred during, arising from, or relating to each Class Member's employment by the Defendants, from the beginning of the world through the end of the Relevant Time Period. This release includes all claims for relief relating to any such released claims, including claims for liquidated damages, penalties, interest, and attorneys' fees, costs, and expenses.

(C)     All checks issued for the amount of an Individual Settlement Payment shall contain, on the back of the check, the following limited endorsement:

**CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS:**

By endorsing this check, I consent to join the case entitled *Sanchez et al. v. Art+1, Inc. et al.*, Case No. 20 cv 05623 (SN), filed in the United States District Court for the Southern District of New York, and I agree to be bound by the Settlement negotiated by Class Counsel in that case.

I hereby irrevocably waive, release, and forever discharge all wage-and-hour claims and any other claims otherwise released in the Settlement Agreement approved by the Court, including, but not limited to, claims for liquidated damages, penalties, interest or attorneys' fees, including under the Fair Labor Standards Act and the New York Labor Law, that I might have against Art+1, Inc. and Artan Maksuti, individually,

Signature: _____          Dated: _____

(D)     Any modification or amendment of the above language by a Class Member may, at Defendants' discretion, not be accepted, and may void the check.  If the Claims Administrator is not able to include the entire text of the limited endorsement described above on the back of the checks issued for the amounts of Individual Settlement Payments, the Parties will work diligently and in good faith to: (i) revise the endorsement and/or the documents attached to and/or accompanying the checks; (ii) include the endorsement on a document attached to and/or accompanying the checks and incorporate it on the back of the checks by reference; and/or (iii) take other steps to effectuate both a consent to join the Litigation and a release of the claims described in the limited endorsement above by virtue of the Class Member signing and/or endorsing the check.

(E)     **No Assignment.**  Class Counsel and Named Plaintiffs, on behalf of the Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(F)     **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs or any other Class Member, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.  Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Named Plaintiff and any other Class Member.  Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the Settlement: (i) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; and (ii) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding.  The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

(G)     Except as provided in this Agreement, upon payment of the Attorneys' Fees and Costs approved by the Court, Class Counsel, Named Plaintiffs, Opt-in Plaintiffs and Class Members, other than those who have properly opted out of this Agreement, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for all claims included in and/or related to the Amended Complaint and as otherwise included in this Settlement Agreement's Release provisions, attorneys' fees or costs associated with Class Counsel's representation of Named Plaintiffs, Opt-in Plaintiffs or any other

Class Member. Class Counsel further understands and agrees that any Attorneys' Fees and Costs approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

## 6.   INTERPRETATION AND ENFORCEMENT

6.1   **Cooperation Among the Parties; Further Acts.**   The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2   **Mutual Non-Disparagement.**   The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties.   For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of any Party in the eyes of an ordinary and reasonable person in the community.   Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.   The within Mutual Non-Disparagement Clause is a material term of this Settlement Agreement, which Defendants rely upon in entering into the within Settlement.

6.3   **Entire Agreement.**   This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous

negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.4 **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs, Opt-in Plaintiffs and any other Class Members, other than those who have properly opted out of this Agreement, their respective spouse(s), children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

6.5 **Waiver of Unknown Claims.**  It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all claims that were or could have been brought in the Litigation against the Releasees, whether known or unknown, liquidated or unliquidated, to the extent relating to or deriving from a wage-and-hour claim (including claims for overtime wages or any other wages) relating to Named Plaintiffs, Opt-in Plaintiffs, and any other Class Member's employment with Art+1 up to and including the date of the Preliminary Approval Order. .  Named Plaintiffs, Opt-in Plaintiffs and any other Class Members, other than those who have properly opted out of this Agreement, may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the claims released under this Agreement, but upon the entry of judgment, Named Plaintiffs, Opt-in Plaintiffs and any other Class Members, other than those who have properly opted out of this Agreement, who does not timely submit an Opt-out Statement shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever settled and released any and all claims covered by this Agreement, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have

existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

6.6 **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

6.7 **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.8 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

6.9 **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5.1), the remaining provisions of this Agreement shall continue in full force and effect. In the event that Named Plaintiffs, Opt-in Plaintiffs  and/or any other Class Member attempts to seek recovery for any claim that is subject to the release set forth in Section 5.1 and a court of competent jurisdiction determines that Section 5.1, or any portion thereof, is unenforceable, then: (i) Defendants' financial obligations with respect to that Named Plaintiff, Opt-in

Plaintiff and/or any other Class Member under this Agreement shall be null and void; and (ii) Named Plaintiff, Opt-in Plaintiff and/or the Class Member shall be liable for the return of his or her Individual Settlement Payment and/or Enhancement Award to Defendants and all of Defendants' reasonable attorneys' fees and costs in obtaining the court's determination of unenforceability of said Named Plaintiff, Opt-in Plaintiff and/or any other Class Member's demand for recovery.

6.10 **Governing Law.**   This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.11 **Continuing Jurisdiction.**   The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

6.12 **Waivers, Modifications and Amendments.**   No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.   Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have

the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.13 **Counterparts; Facsimile and Email Signatures.**   The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.   Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.   Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile, pdf, or email.

6.14 **Authority.** The signatories below confirm that they have the actual authority to sign this Agreement on behalf of the person, persons or entity for whom they are signing.

**7.   IMPORTANT ACKNOWLEDGMENTS**

7.1 **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, which has been translated by a certified Spanish speaking interpreter for all Named Plaintiffs and Opt-In Plaintiffs prepared by Named Plaintiffs' and Opt-In Plaintiffs' legal counsel and each Named Plaintiff and Opt-In Plaintiff acknowledges that he or she or they fully understands, agrees to be bound by the terms included herein and is signing it voluntarily.

7.2 **General Acknowledgments.**  It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release(s) effected thereby.  The Parties represent and warrant that all payments to be made from the Settlement Fund to Named Plaintiffs, Opt-in Plaintiffs, Class Members, and Class

Counsel are fair and reasonable.  The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

<u>**Named Plaintiffs and Opt-in Plaintiffs**</u>

_Salvador Sanchez_     Dated:    03/10 , 2022
**Salvador Sanchez Garcia**

_Celso Torres_     Dated:    03/10 , 2022
**Celso Torres**

    Dated:    03/10 , 2022
**Idelfonso Gil Rodriguez**

    Dated: _____ , 2022
**Wandy Ramirez**

    Dated: _____ , 2022
**David Torres Romero**

    Dated: _____ , 2022
**Alfonso Enrique Mora Huerta**

    Dated:    03/10 , 2022
**Andres Phillip Escobar Sanchez**

    Dated: _____ , 2022
**Antonio Salazar**

    Dated: _____ , 2022
**Wilson Romero**

    Dated:    MARCH 8 2022
**Jhon Vinas Agudelo**

<u>**Defendants**</u>

    Dated: _____ , 2022
**Art+1, Inc.**
**By:  Artan Maksuti, Owner**

    Dated: _____ , 2022
**Artan Maksuti, Individually,**

      **THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

**Named Plaintiffs and Opt-in Plaintiffs**

_____    Dated: _____ ____, **2022**
**Salvador Sanchez Garcia**

_____    Dated: _____ ____, **2022**
**Celso Torres**

_____    Dated: _____ ____, **2022**
**Idelfonso Gil Rodriguez**

_____    Dated: _____ ____, **2022**
**Wandy Ramirez**

_____    Dated: _____ ____, **2022**
**David Torres Romero**

_____    Dated: 03/07 ____, **2022**
**Alfonso Enrique Mora Huerta**

_____    Dated: _____ ____, **2022**
**Andres Phillip Escobar Sanchez**

_____    Dated: _____ ____, **2022**
**Antonio Salazar**

_____    Dated: _____ ____, **2022**
**Wilson Romero**

**Defendants**

_____    Dated: _____ ____, **2022**
**Art+1, Inc.**
**By:  Artan Maksuti, Owner**

_____    Dated: _____ ____, **2022**
**Artan Maksuti, Individually,**

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

<u>**Named Plaintiffs and Opt-in Plaintiffs**</u>

_____     Dated: _____ _____, 2022
**Salvador Sanchez Garcia**

_____     Dated: _____ _____, 2022
**Celso Torres**

_____     Dated: _____ _____, 2022
**Idelfonso Gil Rodriguez**

_____     Dated: _____ _____, 2022
**Wandy Ramirez**

_____     Dated: _____ _____, 2022
**David Torres Romero**

_____     Dated: _____ _____, 2022
**Alfonso Enrique Mora Huerta**

_____     Dated: _____ _____, 2022
**Andres Phillip Escobar Sanchez**

_____     Dated: _O 3_ _/0_, 2022
**Antonio Salazar**

_____     Dated: _____ _____, 2022
**Wilson Romero**

<u>**Defendants**</u>

_____     Dated: _____ _____, 2022
**Art+1, Inc.**
**By:  Artan Maksuti, Owner**

_____     Dated: _____ _____, 2022
**Artan Maksuti, Individually,**

41

THEREFORE, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

**Named Plaintiffs and Opt-in Plaintiffs**

| | |
|---|---|
| _____ | Dated: _____ ____, 2022 |
| **Salvador Sanchez Garcia** | |
| _____ | Dated: _____ ____, 2022 |
| **Celso Torres** | |
| _____ | Dated: _____ ____, 2022 |
| **Idelfonso Gil Rodriguez** | |
| _____ | Dated: _____ ____, 2022 |
| **Wandy Ramirez** | |
| _____ | Dated: 03/10, 2022 |
| **David Torres Romero** | |
| _____ | Dated: _____ ____, 2022 |
| **Alfonso Enrique Mora Huerta** | |
| _____ | Dated: _____ ____, 2022 |
| **Andres Phillip Escobar Sanchez** | |
| _____ | Dated: _____ ____, 2022 |
| **Antonio Salazar** | |
| _____ | Dated: _____ ____, 2022 |
| **Wilson Romero** | |
| _____ | Dated: _____ ____, 2022 |
| **Jhon Vinas Agudelo** | |

**Defendants**

| | |
|---|---|
| _____ | Dated: _____ ____, 2022 |
| **Art+1, Inc.** | |
| **By:  Artan Maksuti, Owner** | |
| _____ | Dated: _____ ____, 2022 |
| **Artan Maksuti, Individually,** | |

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

**Named Plaintiffs and Opt-in Plaintiffs**

_____     **Dated:** _____ ____, **2022**
**Salvador Sanchez Garcia**

_____     **Dated:** _____ ____, **2022**
**Celso Torres**

_____     **Dated:** _____ ____, **2022**
**Idelfonso Gil Rodriguez**

_____     **Dated:** _____ ____, **2022**
**Wandy Ramirez**

_____     **Dated:** _____ ____, **2022**
**David Torres Romero**

_____     **Dated:** _____ ____, **2022**
**Alfonso Enrique Mora Huerta**

_____     **Dated:** _____ ____, **2022**
**Andres Phillip Escobar Sanchez**

_____     **Dated:** _____ ____, **2022**
**Antonio Salazar**

_____     **Dated:** 3/11/2022 ____, **2022**
**Wilson Romero**

_____     **Dated:** _____ ____, **2022**
**Jhon Vinas Agudelo**

**Defendants**

_____     **Dated:** _____ ____, **2022**
**Art+1, Inc.**
**By:  Artan Maksuti, Owner**

_____     **Dated:** _____ ____, **2022**
**Artan Maksuti, Individually,**

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

**Named Plaintiffs and Opt-in Plaintiffs**

_____     **Dated:** _____ _____, **2022**
**Salvador Sanchez Garcia**

_____     **Dated:** _____ _____, **2022**
**Celso Torres**

_____     **Dated:** _____ _____, **2022**
**Idelfonso Gil Rodriguez**

_____     **Dated:** _____ _____, **2022**
**Wandy Ramirez**

_Wandy Rosen_____     **Dated:** _marzo_____ _11_, **2022**
**David Torres Romero**

_____     **Dated:** _____ _____, **2022**
**Alfonso Enrique Mora Huerta**

_____     **Dated:** _____ _____, **2022**
**Andres Phillip Escobar Sanchez**

_____     **Dated:** _____ _____, **2022**
**Antonio Salazar**

_____     **Dated:** _____ _____, **2022**
**Wilson Romero**

_____     **Dated:** _____ _____, **2022**
**Jhon Vinas Agudelo**

**Defendants**

_____     **Dated:** _____ _____, **2022**
**Art+1, Inc.**
**By:  Artan Maksuti, Owner**

_____     **Dated:** _____ _____, **2022**
**Artan Maksuti, Individually,**

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

<u>Named Plaintiffs and Opt-in Plaintiffs</u>

_____     **Dated:** _____ ____, 2022
Salvador Sanchez Garcia

_____     **Dated:** _____ ____, 2022
Celso Torres

_____     **Dated:** _____ ____, 2022
Idelfonso Gil Rodriguez

_____     **Dated:** _____ ____, 2022
Wandy Ramirez

_____     **Dated:** _____ ____, 2022
David Torres Romero

_____     **Dated:** _____ ____, 2022
Alfonso Enrique Mora Huerta

_____     **Dated:** _____ ____, 2022
Andres Phillip Escobar Sanchez

_____     **Dated:** _____ ____, 2022
Antonio Salazar

_____     **Dated:** _____ ____, 2022
Wilson Romero

<u>Defendants</u>

*Artan Maksuti*     **Dated:** ___02___ __25__, 2022
Art+1, Inc.
By:  Artan Maksuti, Owner

*Artan Maksuti*     **Dated:** ___02___ __25__, 2022
Artan Maksuti, Individually,

42

**BY COUNSEL AS TO FORM:**

**CLASS COUNSEL**

By: _____          By: _____
Jacob Aronauer                                   Vincent Bauer

Dated: _____                            Dated: _____

**DEFENSE COUNSEL**

By: _____          **By:** _____
Linda S. Kagan                                   Eric Sarver

Dated: __2.25.22__                               Dated: __2/25/2022__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SALVADOR SANCHEZ, CELSO TORRES, )
IDELFONSO GIL.WANDY RAMIREZ, )
DAVID TORRES and JHON VINAS on behalf )    No. 20 cv 05623 (ER)
of themselves and all similarly situated, )

                  Plaintiffs, )

    v. )

ART+1, Inc. and ARTAN MAKSUTI, )
Individually, )

              Defendants.

---

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                 ) ss.:
COUNTY OF NEW YORK  )

    Artan Maksuti, does hereby affirm the following subject to the penalties of perjury:

    1.    I am the owner of Defendant Art +1, Inc. ("Art +1"). I am authorized to confess judgment on behalf of Defendant Art +1, Inc.

    2.    Defendants maintain their principal places of business at 1212 6th Avenue, 22nd Floor, New York, NY 10036.

    3.    Defendants entered into a settlement agreement with Plaintiff, dated February __, 2022, which is referred to herein as the "Settlement Agreement" and provides in part that payments totaling $499,999.86 to be made to Plaintiffs and the Class. The terms of such Settlement Agreement are expressly incorporated herein.

    4.    I hereby confess judgment herein and authorize entry of judgment against Art +1 in favor of Plaintiffs and the Class – if Defendant defaults and fails to cure said default within 30 days of receiving notice – for 125% of the total remaining balance due upon the Settlement Amount

44

under the Settlement Agreement, not to exceed $625,000.00 in the event that no payments were to be made towards the Settlement Amount.

5.      I hereby acknowledge, represent, and warrant to Plaintiffs and the Class that I am duly authorized, and have the full power and authority, to enter into, execute, deliver, perform, and implement this Confession of Judgment on behalf of Art +1 and myself individually that such Confession of Judgment is legal, valid, and binding upon myself and Art +1.

6.      This Affidavit of Confession of Judgment is for a debt justly due pursuant to the Settlement Agreement and Defendants' default in payment pursuant to the terms of the Settlement Agreement.

7.      The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement in the Southern District of new York whereby Defendants agreed to (1) pay Plaintiffs and the Class the total sum of $499,999.86, and (2) confess judgment in the amount of $625,000.00 if no payments are made, or 125% of any unpaid balance of the Settlement Amount that remains unpaid and is defaulted on, and not cured within 30 days, with credit to be applied for settlement payments previously made, to be filed and judgment entered thereon in the event that Defendants default on any of their payment obligations under the Settlement Agreement.

8.      I hereby affirm and represent my understanding that upon Defendants' breach of the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me and, Art +1 individually.

9.     I am signing this affidavit as the authorized representative of Art +1 voluntarily
while having had the opportunity to obtain the advice of legal counsel and delivering it to Plaintiffs
voluntarily.

_____

Artan Maksuti as an Authorized Officer of Art +1, Inc.

VALERIA NDOU
Notary Public, State of New York
No. 01ND6037695
Qualified in Bronx County
Commission Expires Feb. 22, 20 26

46

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SALVADOR SANCHEZ, CELSO TORRES,
IDELFONSO GIL RODRIGUEZ,
WANDY RAMIREZ, DAVID TORRES
and JHON VINAS *on behalf of themselves*
*and all others similarly situated,*

                                                     20-cv-05623 (SN)

                          Plaintiffs,

              -against-

ART+1, Inc. and ARTAN MAKSUTI,
Individually,

                          Defendants.
-------------------------------------------------------------X

**DECLARATION OF JACOB ARONAUER IN SUPPORT OF PLAINTIFFS' CONSENT MOTION TO APPROVE THE SETTLEMENT AGREEMENT, CERTIFY SETTLEMENT CLASS, AUTHORIZE CLASS NOTICE AND SCHEDULE A FAIRNESS HEARING**

I, Jacob Aronauer, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, hereby declare that the following statements are true and correct:

1.      I am admitted to practice law in the State of New York and a member in good standing in

this Judicial District of the United States Federal Courts. I am the owner of The Law Offices of

Jacob Aronauer in New York, New York and, I, along with Vincent E. Bauer of The Law Offices

of Vincent E. Bauer (collectively the "Counsel") represent the Plaintiffs and putative class in this

case. I have personal knowledge of the facts set forth herein.1

2.      I am providing this Declaration in support of Plaintiffs' Consent Motion to Approve the

---

1  Mr. Bauer has not filed a formal notice of appearance but has played a valuable role in assisting me in this manner.

Settlement Agreement, Certify the Settlement Class, Authorized Class Notice and Schedule a Fairness Hearing.

## FACTS AND PROCEDURAL POSTURE OF THE CASE

~~3.~~     Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*., and the New York Labor Law ("NYLL"), in that they and other similarly situated construction workers under the direction of Art+1, Inc. ("Art+1") and Artan Maksuti ("Maksuti") (collectively "Defendants") were not paid all the overtime wages to which they were entitled and were not provided with notice and wage statements as required under state law.

4.     Plaintiffs and members of the class are construction workers who worked on behalf of Defendants between September 22, 2014 and September 22, 2020.

5.     Plaintiffs allege that they worked as construction workers for Defendants.  Plaintiffs' job duties included, *inter alia,* hauling materials, carpentry, painting, site clearance, constructing building frameworks, installing structures and other duties typically associated with those of construction workers in the commercial construction industry.

6.     Plaintiffs also allege they regularly worked in excess of 40 hours per week, and were not fully paid time and a half pay for their overtime hours, but were paid their regular hourly rate for overtime work. Plaintiffs also allege that they never received lawfully sufficient wage statements or annual notices as required by the NYLL.

7.     Plaintiffs were introduced to me through a former client that I previously represented in a wage dispute case similar to the one before the Court.

8.     After meeting with Plaintiffs, I conducted an investigation of their claims, as well as legal research to confirm the validity of their claims as well as potential claims of a class action. This

process took approximately 3 weeks.

9.        On July 21, 2020, I filed this lawsuit.

10.       In early November, I was contacted by Attorney Linda S. Kagan of The Kagan Law Group who informed me that she, along with Attorney Eric Sarver, would be representing Defendants.

11.       During the case's initial stages, I was impressed with the attorney skills of Defendants' counsel and thought I could use assistance.    Thus, spoke to Vincent Bauer about assisting me in this matter.

12.       I have known Mr. Bauer for more than 15 years.    Since I started my practice in 2013, I have collaborated on several matters with Mr. Bauer.    Due to the fact that I believed that this matter could be a potential class action and, in addition, that Defendants were being represented by prominent attorneys, I believed that Mr. Bauer could provide valuable assistance in this matter.

13.       Mr. Bauer agreed to work with me on this matter.

14.       While the parties did formally exchange paper discovery, from the inception of this matter the parties spent the bulk of their focus on resolving this matter on a class wide basis.

15.       To better understand Plaintiffs' claims, we met with certain named Plaintiffs (either in person or via video chat) approximately five times in total.

16.       The case involved issues that Counsel spent time researching and analyzing issues pertaining to this matter.    Calculating damages was based upon the amount of Class Members, the hours worked by Class Members (i.e., who worked overtime and who didn't), who was eligible for notice damages under the New York State Wage Theft Prevention Act ("WTPA") and the length of the respective Class Members' employment at Defendants.

17.       To facilitate settlement discussion, the parties engaged in both formal and information

paper discovery.

18.     Plaintiffs' counsel spent a substantial amount of time creating a damages model for all potential opt-ins. This spreadsheet was based primarily on information provided by Defendants as well as information provided by our client.

19.     My law firm, along with Mr. Bauer's law firm, spent a considerable amount of time on this action.   We successfully moved for conditional certification, engaged in paper discovery, discovery disputes and conducted and defended approximately 15 depositions.

20.     From approximately September 2021 through November 18, 2021 the parties engaged in good faith negotiations.   This took place in large part due to the willingness of Defendants to share relevant information pertaining to the Class. In addition, after depositions were largely completed the parties had a better idea about the strengths and weaknesses of the case.

21.     On November 18, 2021, the parties agreed to a class wide settlement of $499,999.86.

22.     It is not a "whole number" settlement because of the amount of payouts and number of individuals receiving .

23.     As noted earlier, the parties engaged in significant pre-litigation discovery.   Defendants provided Plaintiffs with a list of all potential class members, their salary and hours worked.

24.     Drafts of the settlement agreement were exchanged and marked up, and a fair and equitable settlement share allocation formula was discussed.

25.     A final draft settlement agreement and a settlement notice (to be translated into Spanish by the agreed upon class administrator) was sent to Defendants for review on February 24, 2022.

26.     A copy of the signed settlement agreement is annexed as Exhibit A.

27.     A final translated Spanish draft of the settlement agreement and a settlement notice will be

4

provided to Defendants for review, once an official SDNY translator reviews the translation for accuracy.

28.     Attached hereto as Exhibit B is the proposed settlement notice that will be sent to all prospective class members.

## BRIEF BACKGROUND AND EXPERIENCE OF CLASS COUNSEL

29.     I am the owner of The Law Offices of Jacob Aronauer.   I have been practicing law since 2005.   In 2013, I started my own firm.   Since I started my own law firm, my practice has primarily focused on lawsuits under the FLSA and the NYLL.   I have handled over 100 wage and hour lawsuits including prior class actions brought under the FLSA and the NYLL.

30.     My firm is also well experienced with class actions and the complicated spreadsheets that come with doing class actions.   Sian Ricketts, Karin Weston and Corey Shotwell have collectively more than 15 years experience between the three of them working on complicated spreadsheets.

31.     Vincent E. Bauer is the owner of The Law Offices of Vincent Bauer.   Mr. Bauer has more than 30 years of experience handling New York employment and discrimination matters.   Mr. Bauer has worked on over 20 lawsuits brought under the FLSA and NYLL.

32.     Before starting his own firm, Mr. Bauer was Vice President and Employment Counsel at the international advertising agency Young & Rubicam, Inc. and he was counsel to the international law firm of Morgan, Lewis & Bockius.

## FAIRNESS AND ADEQUACY OF THE PROPOSED SETTLEMENT

33.     I have assessed the risks and inherent delays if Plaintiffs and the proposed class were to continue with this litigation.

34.     Based on my experience as briefly set forth above, I believe that it is reasonable to expect that the case could take between two and three years to litigate through a final lower court judgment and an appeal, at a cost in the range of hundreds of thousands of dollars in legal fees and costs.    It is my opinion, based on the experience I briefly detailed above, that the proposed settlement is fair, reasonable and adequate.

35.     I consider this to be a fair settlement because Defendants (both individually and the corporation) have secured the payment of this settlement monies through signing an affidavit of confession of judgment that after a cure provision would accelerate all amounts still outstanding,

36.     Finally, Defendants have provided Plaintiffs with information that reflect that the individual Defendant and his corporation would have trouble withstanding a large judgment thus necessitating the agreed to Settlement Amount by the Parties.

37.     Thus, based on the following, it is my opinion, based on the experience I briefly detailed above, that the proposed settlement is fair, reasonable and adequate.    It was reached after arms-length negotiations between experienced counsel.    This opinion is based upon a complete assessment of the strengths and weaknesses of the case previously discussed.

        I declare under penalty of perjury under the laws of New York and the United States that the foregoing is true and accurate.


Dated:          March 11, 2022
                New York, New York

                                        */s Jacob Aronauer*
                                        Jacob Aronauer

6

# EXHIBIT B

United States District Court for the
Southern District Of New York

------------------------------------------------------------x

SALVADOR SANCHEZ, CELSO TORRES,
 IDELFONSO GIL RODRIGUEZ, WANDY
RAMIREZ, DAVID TORRES and JHON
VINAS, on behalf of themselves and all others
similarly situated,

                                        Plaintiffs,

                -against-                                          20-cv-05623 (SN)

ART + 1, INC. and ARTAN MAKSUTI,
individually,

                                        Defendants.

------------------------------------------------------------x

## NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION
## SETTLEMENT AND FINAL SETTLEMENT HEARING:

# If you currently work or have worked for Art + 1, Inc. as a construction worker between September 22, 2014 and _____, you could get a payment from a class action settlement.

*A federal court authorized this notice. The authorization of this notice does <u>not</u> mean that the Court has made any legal or factual findings regarding the claims. This is not a solicitation from a lawyer.*

Based on information in the records of Art + 1, Inc. you were employed as a construction worker at some point between September 22, 2014 and the date of the Preliminary Approval Order ] and are eligible to participate in the proposed settlement of the case captioned *Sanchez et al. v. Art + 1, Inc. et al*., 20-cv-05623 (SN) U.S. District Court for the Southern District of New York).

•This notice is being sent to individuals who worked as construction workers for Art + 1, Inc. at any time during the period September 22, 2014 and the date of the Preliminary Approval Order.  ("Class Members").

•Former construction workers of Art + 1, Inc. filed a lawsuit alleging that they and other Class Members did not receive proper wage notices at the time of hire and/or wage statements and were allegedly not properly paid overtime wages.  Defendants deny all of the allegations of wrongdoing and maintain that all employees of Art + 1, Inc. were paid properly and received proper wage notices and wage statements.

•To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the lawsuit at this time.

•The settlement will provide for payment to construction workers only, and only those construction workers who were employed by Art+1, Inc. between September 22, 2014 and the date of the Preliminary Approval Orderare considered Class Members in this case, for allegedly unpaid overtime.

•If you worked for Art + 1, Inc. anytime *on or after* September 22, 2017, you would be covered under BOTH federal Fair Labor Standards Act ("FLSA") claims and state ("NYLL") law claims.   If you would potentially be covered under  both federal and state law claims, you must review Part A and Part B below.  If you worked for Art + 1, Inc. and your employment ended *before* September 22, 2017, then you would only be covered under New York  state law claims ("NYLL" claims), and would need only review Part B, below.

Your legal rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT<br>PART A<br>IF YOU HAVE FEDERAL FLSA CLAIMS | |
|---|---|
| **SUBMIT A CONSENT TO JOIN FORM** | Submitting a Consent to Join Form is the only way to receive a payment for your proportionate share of the settlement fund attributable to your federal law claims (see below). If you commenced employment with Art +1 after December 1, 2019 , your settlements share will be $100. |
| **OBJECT** | If you object to the settlement terms, you must write to the Court about why you don't like the settlement (see below).  The Court will consider your objections and may decide to address them at the Fairness Hearing on [DATE]. |
| **GO TO FAIRNESS HEARING** | If you would like to voice your concerns about the fairness of the settlement, you may ask to speak in Court at the Fairness Hearing (see below). |

| PART B<br>FOR YOUR STATE LAW CLAIMS | |
|---|---|
| **OBJECT** | If you object to the settlement terms, you must write to the Court about why you don't like the settlement (see below).  The Court will consider your objections and may decide to address them at the Fairness Hearing on [Date] |
| **OBJECT** | If you exclude yourself from the settlement, you will not receive a payment for the proportionate share of the settlement fund attributable to your state law claims (see below).  You will retain your right to bring or join any other lawsuit against Art + 1, Inc. concerning legal claims related to overtime or unpaid wages for the period September 22, 2014 to INSERT DATE. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the settlement, you will not receive a payment from the proportionate share of the settlement fund attributable |

| | to your state law claims (see below).  You will retain your right to bring or join any other lawsuit regarding these state law claims. |
|---|---|
| **DO NOTHING** | You remain part of the class and receive your proportionate share of the settlement fund attributable to your state law claims. |
| **GO TO FAIRNESS HEARING** | If you would like to voice your concerns about the fairness of the settlement, you may ask to speak in Court at the Fairness Hearing (see below) |

CRITICAL DATES:

Date:          The last date to submit Consent to Join Form if you have federal claims.

Date:          The last date to mail an Opt-Out Statement, set forth in Section 16 below.

Date:          The last date to mail any written objections to the Settlement.

Date:          The date of the Court hearing to determine whether the proposed settlement is fair, reasonable and adequate and should be approved by the Court.

# BASIC INFORMATION

## 1.  Why did you get this notice?

You have been identified as someone who was employed by Art + 1, Inc. as a construction worker during the period September 22, 2014 through the date of the Preliminary Approval Order

The Court directed that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it, an administrator appointed by the Court will make the payments for which the settlement provides.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Salvador Sanchez, Celso Torres, Idelfonso Gil Rodriguez, Wandy Ramirez, David Torres and Jhon Vinas on behalf of themselves and all others similarly situated v. Art + 1, Inc. and Artan Maksuti, individually.*  The people who sued are called Plaintiffs, and the company and person sued by the Plaintiffs is Art + 1, Inc. and Artan Maksuti, individually, which are called the Defendants.

## 2.  What is this lawsuit about?

The lawsuit claims that Art + 1, Inc. failed to provide its workers hiring and/or statement notices; and failed to properly pay its workers overtime for those hours they worked in excess of 40 in a week as required by Federal and State Law.  Art + 1, Inc. denies that it did anything wrong and maintains that all employees were paid properly at all times and received proper wage notices and wage statements and did not violate any rights of construction workers, nor violate the rights of

any of its workers or employees.

### 3.   Why is this a class/collective action?

In a class or collective action, one or more people—the Named Plaintiff(s) sue on behalf of other employees who may wish to join their lawsuit and who have similar claims.  All of these people who are construction workers are Class or FLSA Collective Members.  All FLSA Collective Members, which includes all construction workers employed by Art+1 between September 22, 2017 and the date of the Preliminary Approval Order , are also NYLL/state law Class Members; NYLL Class Members include all construction workers employed by Art+1 between September 22, 2014 and the date of the Preliminary Approval Order.

The Court resolves the issues for all Class Members and for all FLSA Collective Members, except for those who choose to exclude themselves from the Class by filing an Opt-Out Statement (see below), and/or except for those who elect not to join the Collective by specifically excluding themselves from the within Settlement / Settlement Agreement.

### 4.   Why are some Class Members not FLSA Collective Members?

Under state law / NYLL, employees seeking certain wage and hour damages may go back six (6) years to redress violations.  Under federal law/FLSA, employees may only go back three (3) years, at most, to redress legal violations.  These different periods are called statutes of limitations.  Therefore, an employee may not have worked for Art + 1, Inc. within the three-year federal law/FLSA statute of limitations period, but may have worked within the six-year state law/NYLL statute of limitations period.  An employee in this situation would be a Class Member and have state law/NYLL claims but would not have any actionable federal law/FLSA claims.

### 5.   Why is there a settlement?

This case has been subject to litigation, negotiation and mediation since July 21, 2020.  After both sides reviewed the employees' timesheets and pay and other data and information, and Plaintiffs' attorneys assessed and analyzed the employees' alleged potential damages on behalf of the Class, and attended mediations/settlement sessions, both sides agreed to a settlement without any admission of liability by Art + 1, Inc.  That way, the cost, delay, and risks of a trial are avoided, and the workers affected will have the opportunity for compensation (subject to the Court's preliminary and final approval of the Settlement).  The named Plaintiffs and their attorneys advise the Class Members that the settlement is best for all Class Members and/or FLSA Collective Members.

## WHO IS IN THE SETTLEMENT?

### 6.   How do you know if you are a class member?

In the settlement agreement, the "Class" is defined as all persons who, at any time from September 22, 2014 to the date of the Preliminary Approval Order.  : (1) were not provided a hiring and/or statement notice; and/or (2) were not paid overtime for those hours worked in excess of 40 hours in a week and/or (3) have any other claim against the Defendants.  You are receiving this notice because you were identified as a construction worker of Art + 1, Inc., falling into one or more of these categories.

## 7.  What does the settlement provide?

Art + 1, Inc. has agreed to pay $207,998.75 to Class Members who choose to participate in the settlement by doing nothing ("Claimants") and FLSA Collective Members who choose to participate in the settlement by submitting a Consent to Join Form ("Opt-in Claimants").  Before any Claimants and/or Opt-in Claimants are paid, however, the following amounts may be removed from the settlement fund.

Attorneys' Fees and Costs:   The attorneys for the Class Members and FLSA Collective Members will ask the Court to grant them $171,501.15 from the settlement fund to pay for their fees and costs in this action.

Class Representatives will seek special payments for their service in bringing this lawsuit on behalf of the Class Members and FLSA Collective Members.  The total amount in service payments is $100,000.00.  The Class Representatives will receive this special payment because of their involvement in the Lawsuit, particularly the time spent responding to discovery and attending mediation sessions

Defendants' Share of Payroll Taxes:  All standard employer-side tax obligations, including the Employer Federal Insurance Contributions Act ("FICA") amount, arising out of payments to the Class Members and FLSA Collective Members.   This amount is calculated as approximately _____, assuming full participation of the Class and /or Collective members.

## 8.  How much will my payments be?

You will receive an estimated share of the $207,998.75 settlement fund, after the payment of attorneys' fees and case expenses and proposed service payments, in two installment payments payable every nine months over an eighteen-month period after Final Approval is granted and the Effective Date passes.

Your estimated share will be calculated based on the details of your employment with Art + 1, Inc., including when you were hired and how long you worked for Art + 1, Inc.  Your estimated share is in direct proportion to Class Counsel's calculation of your alleged damages in this case. Your share is "estimated" because it may change, depending on the final amounts of expenses, and the amount of attorneys' fees and service payments approved by the Court.

To participate in settlement of your state law claims you do not need to do anything.  However, if you do nothing you will not receive your share of the settlement fund representing your federal law FLSA claims, if you have any, and you will be precluded from bringing a lawsuit under the FLSA or the NYLL, per the Settlement reached on behalf of the Collective and/or the Class.

To participate in your federal law FLSA claims you must return the Consent to Join Form included in this package by [DATE].  If a Consent to Join Form was not included in this Notice, that means you do not have any FLSA claims because your employment with Art + 1, Inc. concluded prior to September 22, 2017.  If you believe this in error you must contact the Claims Administrator at the number provided below.

| **9.   What does it mean if I participate?** |
| --- |

If you choose to participate in this Settlement and timely fill out and return the FLSA Consent and Consent to Join Form, you will receive the total amount of your settlement share under the NYLL and FLSA, to the extent you are eligible for both, and you will be bound by the Class Judgment in this action, releasing all claims that were raised or could have been raised on the facts alleged by Plaintiffs' Amended Complaint (as defined in the Settlement Agreement).

# HOW YOU GET A PAYMENT

| **10. How can you get a payment?** |
| --- |

If you do nothing, you will not receive your settlement share related to your FLSA claims, and you will not have other recourse to sue the Defendants on your own behalf, under the FLSA (unless you affirmatively seek to exclude yourself from the settlement; see point 16, below).  Remember that if you timely fill out and return the FLSA Consent and Consent to Join Form, then you will receive the total amount of your settlement share.

| **11. When would you get your payment?** |
| --- |

The Court will hold a hearing on_____, 2022 to decide whether to approve the settlement.  If the Judge approves the settlement, there may be appeals by objectors after that, if there are any objectors.  It's always uncertain whether these appeals can be resolved, and resolving them can

take time, perhaps several months.  Please be patient.

<div style="background-color:purple; color:white;">

**12. What if I have questions about the settlement or my share?**

</div>

If you have additional questions about the settlement or about your estimated Settlement Share, you may submit an inquiry to Class Counsel.  See below for their contact information.

# THE LAWYERS REPRESENTING YOU:

<div style="background-color:purple; color:white;">

**13. Do you have a lawyer in this case?**

</div>

Plaintiffs have asked the Court to authorize Jacob Aronauer of the Law Offices of Jacob Aronauer to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

<div style="background-color:purple; color:white;">

**14. How will the lawyers be paid?**

</div>

Class Counsel will ask the Court to approve payment of up to $171,501.15 to them for attorneys' fees and costs.  The fees would pay Class Counsel for investigating the facts, litigating the case, mediating and negotiating the settlement.  Class counsel will also ask the Court to approve payments totaling a combined $100,000.00 to be paid to the Named Plaintiffs and Opt-in Plaintiffs for their assistance and participation in this case.  The Court may award less than these amounts.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

<div style="background-color:purple; color:white;">

**15. How do you tell the Court that you don't like the settlement?**

</div>

You can ask the Court to deny approval of the Settlement Agreement by filing an objection. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object..

You may object to the proposed settlement in writing, giving reasons why you think the Court should not approve the settlement.  You may also appear at the Final Approval Hearing, either in person or through your own attorney and object on the record at this hearing.  If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*Sanchez, et al, v. Art + 1 Inc., et al.,* Case Number 20-cv-05623 (SN), (b) include your name, address and telephone number,

and (c) be mailed to the Settlement Administrator at _____ postmarked by
_____, 2022.

## REQUESTING EXCLUSION FROM THE SETTLEMENT

**16. How do you exclude yourself from the settlement?**

If you want to be excluded from the Settlement (also referred to as "opt-out"), you must mail a
letter to the Settlement Administrator to request to "opt out." Your "opt-out" request letter must
state, in words or substance, "*I opt out of the Art + 1, Inc. settlement*."  To be considered complete
and timely, your "opt-out" request letter <u>must include</u> your full name, address, last four digits of
your Social Security number (for identity verification purposes only), signature, and be mailed by
First Class U.S. Mail to the Settlement Administrator, postmarked on or before [**DATE**].  If you
file a timely and valid "opt-out" request, you will no longer be a member of the Class, and you
will **not receive** any money from the Settlement or be able to object to the Settlement.  However,
if you do timely "opt out," you will not be bound by the terms of the Settlement and may pursue
any claims you may have against the Defendants, at your own expense.

Note, that if you submit an Opt-Out request letter and a FLSA Consent and Consent to Join Form,
you will be deemed to have opted into the FLSA settlement.

**17. What is the difference between objecting and excluding myself from the settlement?**

Objecting means telling the Court what you don't like about the settlement as a Class Member.
You can object only if you are part of the Class Members.  If you file a Notice to Opt-out of the
Settlement Agreement with the Court, then you have no basis to object because the case no longer
affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and
you may ask to speak, but you don't have to.

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____, 2022 at the United States District
Court for the Southern District of New York, 500 Pearl Street, New York, NY in Courtroom ____.
The Judge assigned to the case is Hon. Judge Sarah Netburn.  At this hearing, the Court will
consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court
will consider them.  The District Judge will listen to people who have asked to speak at the hearing.
The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will
decide whether to approve the settlement.  We do not know how long these decisions will take.
The Final Approval hearing may be continued without further notice.  Any updates to the Final

Approval hearing date will be available on the Court's PACER site.

## 19. Do you have to come to the hearing?

No.  Class Counsel will answer questions the judge may have.  But you are welcome to come at your own expense.  If you send a written objection, you don't have to come to Court to talk about it but you can if you want to.  As long as you filed your written objection on time with the Court, as listed above in question 13, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 20. May you speak at the hearing?

You may appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.

# IF YOU DO NOTHING

## 21. What happens if you do nothing at all?

If you do nothing and you are a Class Member, you will receive 100% of your share of the settlement if it is approved by the Court.  If you do not file a Consent to Join Form and you are a FLSA Collective Member, you will not receive your share of the settlement and your claims against the Defendants will be extinguished / settled and covered by the release provisions of the Settlement Agreement.

# INFORMATION CORRECTION

## 22. What if my Notice form contains incorrect address information for me?

Included at the end of this Notice is an Estimated Share Form that contains the most current address information for you.  If the information on the form is incorrect, please correct it and mail it to the settlement administrator: _____.

# GETTING MORE INFORMATION

## 23. Are there more details about the settlement?

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please see the settlement agreement by contacting class counsel (see below) or by accessing the Court docket in this case through the Court's Public Access to Court Electronic

Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, 500 Pearl Street, New York, between 8:30 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries by Class Members regarding this Notice and/or the Settlement should be directed to Class Counsel.

You can also reach Class Counsel at:

Jacob Aronauer
LAW OFFICES OF JACOB ARONAUER
225 Broadway, Third Fl.
New York, NY 10007
Tel: 212-323-6980
jaronauer@aronauerlaw.com

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS TO INQUIRE ABOUT THIS SETTLEMENT OR THE OPT-OUT PROCESS.**

Date: _____, 2022

# Estimated Share Form

*SANCHEZ, ET AL. V. ART + 1, INC., ET AL.*
**United States District Court, Southern District of New York**
**Case No. 20-cv-05623 (SN)**

**YOUR ESTIMATED SETTLEMENT PAYMENT IF YOU TIMELY RETURN THE FLSA CONSENT AND CONSENT TO JOIN FORM IS: $_____.**

**YOUR ESTIMATED SETTLEMENT PAYMENT IF YOU DO <u>NOT</u> TIMELY RETURN THE FLSA CONSENT AND CONSENT TO JOIN FORM IS: $_____**

<u>CLASS MEMBER IDENTIFICATION</u>

Below is the information on file for you.  If it is not correct, please correct this form and mail it *promptly* to the Settlement Administrator:  _____.

**CORRECTION**

Name:  [Bob Smith]                                    _____

Address:  [192 Pine Street, New York, NY 10005]   _____

Social Security # (last four digits): [XXXX]        _____
4811-0390-0866, v. 1