UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SALVADOR SANCHEZ, et al.,

                               Plaintiffs,

           -against-

ART+1, INC., et al.,

                              Defendants.

-----------------------------------------------------------------X

20-CV-05623 (SN)

**ORDER GRANTING APPROVAL OF NOTICE TO CLASS REGARDING PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT**

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff moves, unopposed, for preliminary approval of a class and collective action settlement. The motion is GRANTED.

**I.**     **Preliminary Approval of the Settlement**

1. The Court has reviewed Plaintiffs' Amended Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Declaration of Jacob Aronauer (the "Aronauer Decl."), and all other papers submitted in connection with the motion. See ECF Nos. 149, 137. The Court grants preliminary approval of the settlement attached as Exhibit A to the Aronauer Decl. between Named Plaintiffs Salvador Sanchez Garcia, Celso Torres, Idelfonso Gil Rodriguez, Wandy Ramirez, David Torres Romero, Jhon Vinas Agudelo (collectively, the "Named Plaintiffs"), Alfonso Enrique Mora Huerta, Andres Phillip Escobar Sanchez, Antonio Salazar, and Wilson Romero (collectively, the "Opt-In Plaintiffs," and with the Named Plaintiffs, the "Plaintiffs"), individually and on behalf of the Class Members, and Art+1, Inc. ("Art+1") and Artan Maksuti (the "Individual Defendant" and, collectively with Art+1, the "Defendants").

2. The Court has examined the proposed settlement and believes it is appropriate to allow notice to be issued to the class and for class members to either object to or opt-out of the settlement. After the notice period, the Court will be able evaluate the settlement with the benefit of the class members' input.

3. The Court concludes that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of a judgment on the proposed Settlement. The Court preliminarily finds that the proposed Settlement Agreement is fair, reasonable, and adequate, and therefore meets the requirements for preliminary approval such that notice to the Class members is appropriate.

4. The Court also grants preliminary approval of American Legal Claim Services LLC ("ALCS") to administer the settlement process in accordance with the Settlement Agreement and distribute the Notice of the Proposed Settlement of Class Action and Collective Action Lawsuit.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

5. For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e):

> All persons who, at any time from September 22, 2014, to the date from the Court's Preliminary Approval worked as construction workers and (1) were not provided a hiring and/or statement notice; and/or (2) were not paid overtime for those hours worked in excess of 40 hours in a week and/or (3) have any other claim against the Defendants.

6. For settlement purposes only, Plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

7. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because total Class Members are approximately 100 individuals, and as such, joinder is impracticable.

8. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because the Named Plaintiffs and Rule 23 Class Members bring nearly identical claims arising from Defendants' alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for failure to pay overtime compensation and failure to provide proper annual wage notices and wage statements. As a result, the proposed Class satisfies the commonality requirement.

9. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the basis of the Rule 23 Class Members' claims. Defendants' alleged violations of law were the result of the same company policy, pattern, and/or practice of failing to properly compensate Plaintiffs and Class Members in accordance with the FLSA and NYLL. Accordingly, Plaintiffs satisfy the typicality requirement.

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because the Named Plaintiffs' interests are not antagonistic to or at odds with the Class Members' interests.

11. In addition, Plaintiffs' Counsel, The Law Offices of Jacob Aronauer, meets Rule 23(a)(4)'s adequacy requirement.

12. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3) because Plaintiffs and the Class Members share common factual allegations and legal theories, which predominate over any variations among Class Members. Similarly, the Court finds that a class action is superior to the other available methods to fairly and efficiently adjudicate the controversy.

### III. Conditional Approval Under 29 U.S.C. § 216(b)

13. The Court previously granted conditional approval of the collective under 29 U.S.C. § 216(b) for the period from September 22, 2017, until September 22, 2020. See ECF No.

56. The Settlement Agreement provides no basis to revisit that preliminary certification, and the parties make no request to do so.

**IV.     Appointment of Plaintiffs' Counsel as Class Counsel**

14.     For settlement purposes only, the Court appoints The Law Offices of Jacob Aronauer because it meets the requirements of Federal Rule of Civil Procedure 23(g). The Court specifically makes no finding with respect to the reasonableness of Class Counsel's fee and specifically recognizes that there is a pending motion for sanctions, which seeks among other things fees incurred by Plaintiffs' Counsel for unreasonably and vexatiously multiplying the proceedings. The Court will consider Plaintiffs' Counsel's application for fees along with Defendants' application for sanctions at the hearing for final approval of the Class Action Settlement.

**V.      Notice**

15.     The Court approves the proposed Notice of Proposed Class and Collective Action Settlement and Final Settlement Hearing. See ECF No. 137. The Notice fully complies with due process and Rule 23.

16.     Under Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, (vi) stating when and how members may elect to be excluded; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

17.     The Class Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. The Court specifically finds that the Notice is the

best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto. The parties may make non-material changes to the proposed Notice, including the form and content of the Notice, without seeking further approval of the Court.

## VI.     Class and Collective Action Settlement Procedure

18.     In the event that final approval of the Settlement Agreement does not occur or is deemed null and void, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to the effect of failure to obtain final approval.

19.     Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this action shall be construed as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23, (b) that any party has prevailed in this case, or (c) that Defendants or others have engaged in any wrongdoing.

20.     Notwithstanding certain inconsistencies in the Settlement Agreement and/or the amended Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, the Court adopts the following settlement procedures:

a.     Within 10 business days of this Order granting preliminary approval, Defendants shall provide the Settlement Claims Administrator with a list in electronic form of the Class Members' name, social security number and/or tax ID, last known address, and dates of employment in relevant position(s) within the Relevant Statutory Period. All information provided to the Settlement Claims Administrator regarding Notice recipients will be provided to Class Counsel *except* for social security numbers.

b. Within 30 calendar days of this Order granting preliminary approval, the Settlement Claims Administrator shall mail, via First Class U.S. mail, the Notice and Claim Form to all Class and Collective Members using each individual's last known address.[1]

c. Class Members will have 75 calendar days from this Order granting preliminary approval to submit an objection to the proposed Settlement Agreement or an opt-out Statement.[2]

d. Within 105 calendar days of this Order granting preliminary approval, the Settlement Claims Administrator shall provide to Class Counsel stamped copies of any written objections, which Class Counsel shall promptly file with the Court.

e. Within 135 calendar days of this Order granting preliminary approval, Class Counsel will file with the Court a Motion for Final Approval of the Class and Collective Action Settlement Agreement, Service Awards and Attorney's Fee Award. Notwithstanding this deadline, Class Counsel will provide Defendants with a final draft of such motion 14 calendar days before it is filed with the Court.

f. As set forth in the Settlement Agreement, any unclaimed Settlement Funds more than $2,501 shall be redistributed to the Class Members; Settlement Funds equal or less than $2,500 shall revert to the Defendants.[3]

---

[1] Paragraph 2.24(B) appears to provide that the Settlement Claims Administrator shall mail the Notice within 10 business days of Defendants' provision of the Class Members' identifying information, which would presumptively be 20 business days from the Court's preliminary approval. Paragraph 3.6(B) appears to provide that the Settlement Claims Administrator shall mail the Notice within 45 calendar days of the Court's preliminary approval.

[2] Paragraphs 3.7(A) and 3.8(A) provide that a Class Member would have "30 days from the mailing of the Notice to the Class Member and not later than 75 days from the date of the Preliminary Approval Order." At a hearing on the preliminary approval, the parties agreed that clarity justified making the Objection/Opt-Out period 75 days from this Order granting preliminary approval.

[3] Plaintiffs' Amended Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement erroneously provides that "[a]ll unclaimed remaining funds will be returned to Defendants." Br. at 10.

   g.  The Court will hold a final fairness hearing on Thursday, April 6, 2023, at 3:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  November 2, 2022
      New York, New York